### Nesbit et al. *v.* Knowlton et al.

PRINCIPAL AND SURETY.—*Supreme Court.*—*Evidence.*—A note made by A., B. and C. was paid by B., who, in this action, recovered judgment for the full amount so paid against C., the court finding from the evidence that while B. and C. were both sureties for A., yet B. was also surety for C.; and the Supreme Court refused to reverse the judgment upon the evidence.

From the Cass Circuit Court.

*S. T. McConnell* and *M. Winfield,* for appellants.

DOWNEY, J.—The appellees sued the appellants, alleging in their complaint, that they were partners, and that, on the 17th day of June, 1870, they and the defendants, John Stonebarger, John Alexander and Archibald M. Nesbit, executed to James Cheney, cashier of the Logansport National Bank, their promissory note, which is set out in the complaint, and which is dated on the day aforesaid, payable ninety

days after date, for three hundred and seventy-five dollars, and is signed by the parties in the following form and order: "John Stonebarger, Knowlton & Dykeman, Nesbit & Alexander."

It is alleged by the plaintiffs, that they were simply sureties for the defendants, and had no interest in the note sued on; that the defendants did not pay the note at maturity; that the plaintiffs, as such sureties, were compelled to and did pay the same, amounting to five hundred dollars; that, at the time of making said note, the defendants agreed to pay reasonable attorneys' fees, if suit was instituted on the same; and that there is now due and unpaid, as attorneys' fees, fifty dollars.

They aver that the defendants have not paid the amount of said note, etc., to the plaintiffs, but there is due them the sum of five hundred dollars, for which they demand judgment, etc.

Nesbit and Alexander answered by a general denial and certain special paragraphs. Also, they made an offer to confess judgment for one hundred dollars and costs. Reply in denial of the special paragraphs of the answer.

The trial was by the court, without a jury, and there was a finding and judgment for the plaintiffs, for three hundred and forty-three dollars. A motion for a new trial, for the reason, among others, that the finding of the court was not sustained by the evidence, was made by the defendants, and overruled by the court.

It is assigned as error, that the court improperly refused to grant a new trial, and this is the only error insisted upon by counsel for appellants. The insufficiency of the evidence is the only ground relied upon.

The note mentioned in the complaint was given in renewal for part of the amount of a larger note, which the same parties had previously given to the same payee. Stonebarger was the party for whom the money was obtained from the bank. It is not denied that the appellants were sureties

for him, and they insist that the appellees were co-sureties with them for Stonebarger.

The appellees claim that, while they were sureties of Stonebarger to the payee, yet, as between them and the appellants, they were sureties of appellants, and having paid the debt to the payee, have a right of action against them for the whole amount paid.

It is not controverted by appellants that the relation of principal and surety may exist between them and the appellees, while each of them may be surety for Stonebarger to the payee of the note.

The only question is, does the evidence show the relation of principal and surety to exist between the appellees and the appellants in this case? The court found from the evidence, that the appellees were sureties of the appellants. The question is presented to us on the evidence. We cannot say that the court did not come to the right conclusion upon the evidence.

The judgment is affirmed, with costs.