Porter *et al. v.* Waltz *et al.*

No. 12,748.

## PORTER ET AL. *v.* WALTZ ET AL.

PROMISSORY NOTE.—*Cross Complaint by Surety.*—*Exhibit.*—Where, in an action against the makers of a promissory note, one of the defendants files a cross complaint against his co-defendants, averring generally that he executed the note merely as surety for the other makers, the note is not the foundation of his action and need not be made an exhibit.

SAME.—*Relation of Makers to Each Other.*—*Form of Signing Note.*—*Evidence.*—The form in which one of the makers of a promissory note signs the instrument, is only *prima facie* evidence of the relation which exists between him and the other makers.

SPECIAL FINDING.—*General Verdict.*—*Judgment Non Obstante.*—*Evidence.*—Upon a motion for judgment on special findings, notwithstanding the general verdict, the findings, within the issues, import absolute verity, and unless they are irreconcilable with the general verdict, the motion must be overruled, without regard to the evidence.

INSTRUCTIONS TO JURY.—*Harmless Error.*—A judgment will not be reversed on account of an erroneous instruction, where it affirmatively appears that such instruction did not influence the verdict.

INTERROGATORIES TO JURY.—*Striking Out.*—*Harmless Error.*—It is a harmless error to refuse to strike out interrogatories to the jury, where the answers thereto are immaterial.

EVIDENCE. — *Conveyance.* — *Contract.* — *Consideration.* — *Conversation.* — *Res Gestæ.*—Where the consideration for a conveyance of land is in issue, and the contract is in parol and the grantor dead, the conversation of the parties, relative to the consideration, while conducting the negotiations resulting in the contract, is admissible as part of the *res gestæ.*

From the Switzerland Circuit Court.

*J. D. Works, L. O. Schroeder* and *W. R. Johnston,* for appellants.

*W. D. Ward, T. Livings, J. B. McCrellis* and *G. S. Pleasants,* for appellees.

MITCHELL, J.—William Waltz brought suit on a note, in which he was named as payee, calling for five hundred dollars, due one year after date, with eight per cent. interest. The note was signed, their names standing in the order below, by Patrick E. Porter, Timothy I. Porter, F. J. Siebenthal, and J. C. Long, the latter adding after his name "security for the three above parties."

Porter *et al. v.* Waltz *et al.*

It was averred in the complaint that Patrick E. Porter died before the bringing of the action, leaving no estate to be administered. No representative of his estate was made a party.

The defendants filed separate verified answers, in which each set up that he signed the note as surety, and that, after it had been signed, a material alteration had been made therein, by erasing therefrom the words " attorney's fees," under such circumstances as released him from liability.

Long also filed a cross complaint against Siebenthal and Timothy I. Porter, in which he alleged that he executed the note as surety for the other makers, and prayed judgment accordingly.

Siebenthal and Timothy I. Porter joined in a cross complaint against Long, in which they charged that the latter had assumed the payment of the debt evidenced by the note, in consideration of certain real estate conveyed to him by Patrick E. Porter, the principal debtor. They asked that Long might be adjudged primarily liable.

Upon issues made on the complaint and cross complaints, the cause was tried by a jury, who returned a general verdict, with answers to interrogatories, submitted by the respective parties.

Upon these a judgment was rendered against Siebenthal and Timothy I. Porter, as principals, and against Long as surety.

The first error assigned is that the cross complaint of James C. Long does not state facts sufficient. The infirmity relied on for a reversal is, that the cross complaint fails to set out a copy of the note upon which the cross complainant asks to be declared surety. It is argued, with some plausibility, that in a case where the writing itself is relied on to determine the question of suretyship, such writing becomes the foundation of the action.

·The complaint under consideration does not, however, predicate the complainant's suretyship on the face of the paper,

but avers generally that the cross complainant executed the note as the surety for the other makers, and in no other manner.

Moreover, it is well settled that as between the makers of a note, the form of the instrument is not conclusive as to their relations with each other. Suretyship is a fact collateral to the contract, and is ordinarily no part of the contract itself. *Carpenter* v. *King*, 9 Met. 511.

The rights and liabilities of sureties depend ultimately upon the relation which each sustained to the other and to the transaction, as well as upon the contract between themselves. The form in which Long signed the note was, therefore, only *prima facie* evidence of the relation which existed between him and the other makers. *Schooley* v. *Fletcher*, 45 Ind. 86 ; *Bowser* v. *Rendell*, 31 Ind. 128 ; *Lacy* v. *Lofton*, 26 Ind. 324 ; *Horn* v. *Bray*, 51 Ind. 555 (19 Am. R. 742) ; *Nesbit* v. *Knowlton*, 51 Ind. 352.

The case of *Landon* v. *White*, 101 Ind. 249, relied on by the appellant, does not rule the case under consideration. In the case cited the defendant set up as a defence to a promissory note, that the plaintiff had taken possession of certain personal property by virtue of a chattel mortgage, under such circumstances as that the taking possession of the property constituted in law a satisfaction of the debt. It was held in that case that the chattel mortgage was the foundation of the defence.

Since, however, in the case before us the cross complainant's rights depended upon the circumstances attending the transaction, or the agreement between the makers of the note, the note was not the foundation of his action. *Watts* v. *Fletcher*, 107 Ind. 391.

At the proper time the appellants moved the court for judgment in their favor, on the special findings of the jury, notwithstanding the general verdict. Because this motion was overruled, it is next insisted the judgment ought to be reversed.

Porter *et al. v.* Waltz *et al.*

Each of the parties interested submitted a number of interrogatories to the jury. Without setting them out in detail, the following summary indicates all the material facts specially found, in answer thereto. Responsive to those submitted by the plaintiff, the jury returned: (1) That the note sued on was altered after it was signed by Timothy I. Porter, and (2) before it was signed by Siebenthal, and (3) Long, (4) and that the plaintiff had no knowledge of the alteration before he received the note, and delivered the consideration for which it was given; (5) that the money for which the note was given was paid by the plaintiff to Samuel Stacy on a debt owing to him by Patrick E. Porter, as principal, and for which the defendants were bound as sureties; (6) that Siebenthal, upon ascertaining that the note was altered, did not repudiate it, (7) that he signed it in consideration that Long also signed, and (8) that he knew of the alteration at the time he signed it, and before the delivery to the plaintiff.

To interrogatories propounded by Long, the jury returned: (1) That Long signed the note as surety for the other makers, and (2) that he signed it under the belief and with the understanding that the other defendants were bound thereon. They find (3) that the note was altered after it was signed by Timothy I. Porter, by (4) striking out the printed words "attorney's fees" and filling blanks, and (5) that this was done with his consent, and (6) in good faith. They further find (7) that Long purchased the land mentioned in Siebenthal and Timothy I. Porter's cross complaint in good faith, for a valuable consideration, (8) agreeing to pay therefor $1,665.86, and (9) that he had paid $1,728.86, paying, (10) in order to discharge liens thereon, $163 more than he had agreed.

In answer to nineteen interrogatories propounded by Siebenthal and Porter, the jury returned, in substance (1, 2), that both Patrick and Timothy I. Porter signed the note at the house of the latter, (3) the note being at the time a blank printed form, (4, 5, 6, 7) with the words "attorney's fees"

printed therein, these words being at the time of signing un-erased by any mark; (8) that these words were afterwards obliterated by a line, made with pen and ink, being drawn through them, and that this was done with the implied con-sent of Timothy I. Porter, (9) but that he had no notice of the erasure before the note was delivered to the plaintiff; (10) that Siebenthal signed the note after it had been signed by the Porters, and after it had been otherwise completely filled out, (11) at a grocery store in Vevay, Indiana, (12) and that he knew of the erasure of the words " attorney's fees" be-fore it was delivered to the plaintiff, (13) by James C. Long, (14) who made the obliteration, (15) the latter having retained the custody of the note, from the time it was signed until it was delivered.

The jury find further (16, 17), that Siebenthal knew of the erasure before the commencement of the suit, but that Tim-othy I. Porter did not; that both signed as principals, and (19) that Long did not agree to pay the note in suit in con-sideration of certain real estate conveyed to him by Patrick E. Porter.

In addition to the general verdict which found against the appellants, it will be seen from the foregoing, that while the note was altered as claimed, the alteration was made by Long, before it was signed by Siebenthal, with the consent of Tim-othy I. Porter. This left the liability of the parties precisely as if no alteration had been made.

It is contended, however, that the findings which indicate that Timothy I. Porter consented to the alteration are with-out support in the evidence, and that hence the question must be considered as if no such facts had been found.

This view of the subject is wholly inadmissible. Upon a motion for judgment on special findings, notwithstanding the general verdict, the findings of the jury, within the issues, import absolute verity, and unless they are so irreconcilably in conflict with the general verdict as that both can not stand, the motion must be overruled, without regard to the evidence.

*Cox* v. *Ratcliffe,* 105 Ind. 374; *Pennsylvania Co.* v. *Smith,* 98 Ind. 42; *Baltimore, etc., R. R. Co.* v. *Rowan,* 104 Ind. 88.

In this case the special findings and general verdict are in close accord. The motion was, therefore, properly overruled.

Was there error in overruling the motion for a new trial? This is the next question presented by appellants. At this point counsel expressly waive a discussion of whether or not the evidence was sufficient to sustain the findings and verdict of the jury; hence, in this connection, we give that subject no further consideration.

The giving of certain instructions is complained of. In these instructions the court undertook to define the rights and liabilities of the several parties, in the event the jury should find that a material alteration had been made, or certain blanks filled, in the note after it was signed, without the knowledge or consent of one or more of the makers. Since, however, we have already seen, that by the special finding of the jury, the case was set in a situation, as if no alteration in the note had occurred, the jury having found that the parties to be affected either had knowledge of the alteration when they signed, or consented that it might be made, it is of no consequence whether the rights of the parties, predicated upon a state of circumstances which was found not to exist, were defined with entire accuracy or not. In such a case, it affirmatively appears that the instructions, even though erroneous, were not influential in bringing about the result reached. A reversal, therefore, will not follow. *Woolery* v. *Louisville, etc., R. W. Co.,* 107 Ind. 381; *Cleveland, etc., R. R. Co.* v. *Newell,* 104 Ind. 264, and cases cited.

Without stopping to examine them in detail, we may say, however, the instructions which are criticised, with others given, presented the law of the case to the jury fairly and accurately. There was evidence too which made them pertinent.

It may be conceded that some of the interrogatories propounded to the jury by the plaintiff were immaterial, and

that the appellants' motion to strike them out might well have been sustained. The refusal of the court to strike out interrogatories, the answers to which may be immaterial, does not, however, present a case for reversal. At most this was but a harmless error.

Some of the interrogatories objected to, which were submitted on behalf of the defendant Long, were, however, not immaterial, as for example the fifth, which required the jury to answer whether or not Timothy I. Porter either expressly or impliedly consented to the alteration of the note. The answer to this question was a fact pertaining to the very essence of the issue. Whether or not the answer is sustained by sufficient evidence, does not affect the materiality of the question.

It is contended finally, that the court erred in admitting in evidence a certain conversation between the defendant Long and Patrick E. Porter, deceased, relative to the consideration for a conveyance of certain lands by the latter to Long. It is said, because the conversation took place in the absence of the appellants, it was in the nature of hearsay evidence, and therefore incompetent. It must be remembered that one of the questions in issue related to the consideration upon which a certain conveyance had been made by the principal maker of the note to Long. The appellants claimed that the consideration to be paid for the land embraced the payment of the note in suit. This was denied by Long. What the consideration to be paid for the land was, depended upon the contract between Long and his grantor. Necessarily the contract must have been made before the execution of the deed. It was in parol. It could be proved in no other way more effectually than by proving the conversation of the parties while conducting the negotiations which resulted in the contract. This conversation was part of the *res gestœ*, it was therefore not within the rule which prohibits hearsay evidence. It was competent. *Mitchell* v. *Colglazier*, 106 Ind. 464, and cases cited.

In respect to the sufficiency of the evidence to sustain the findings of the jury, without going into details, we think there is evidence, direct and circumstantial, which fairly warrants the conclusion reached. On the whole case we think a right result was reached within the rules of law.

The judgment is therefore affirmed, with costs.

Filed Oct. 15, 1886.