# CREAMERY PACKAGE MANUFACTURING COMPANY
## *v.* HOTSENPILLER.

[No. 19,864.  Filed June 20, 1902.]

<table>
<tr><td>159</td><td>99</td></tr>
<tr><td>164</td><td>698</td></tr>
<tr><td>159</td><td>99</td></tr>
<tr><td>166</td><td>300</td></tr>
<tr><td>159</td><td>99</td></tr>
<tr><td>f170</td><td>216</td></tr>
</table>

APPEAL AND ERROR.—*Master and Servant.*—*Judgment.*—A judgment for personal injuries will not be reversed because the evidence as to some features of the case can not be said to be strong or of great weight, where there is evidence to sustain the general verdict and the material special findings of the jury in answer to interrogatories submitted. *pp. 102, 103.*

SAME.—*Record.*—*New Trial.*—*Affidavits.*—Alleged error in overruling a motion for a new trial because of newly discovered evidence will not be considered on appeal, where the affidavits in support thereof are not made a part of the record by bill of exceptions or order of court. *pp. 103, 104.*

MASTER AND SERVANT.—*Personal Injuries.*—*Evidence.*—In an action by a servant for personal injuries from a defective machine, evidence by a witness as to the condition of the machine based upon an examination of the machine, made a week after the accident, was properly admitted, where it was shown that the machine was then in the same condition as at the time of the accident.. *pp. 104, 105.*

DAMAGES. —*Excessive.* —*Master and Servant.* —*Personal Injuries.*—A judgment in an action for personal injuries will not be reversed on the ground that excessive damages were awarded, where it does not appear that the jury in awarding damages was influenced by prejudice, passion, partiality, or corruption. *pp. 105, 106.*

From Randolph Circuit Court; *W. O. Barnard,* Special Judge.

Action by Marcus Hotsenpiller against the Creamery Package Manufacturing Company for personal injuries. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*O. H. Adair, J. F. LaFollette, J. W. Headington* and *O. S. Whiteman,* for appellant.

*J. J. Cheney* and *E. L. Watson,* for appellee.

JORDAN, J.—Appellant is a corporation engaged, at the city of Portland, Jay county, Indiana, in operating a plant for manufacturing butter-tubs, etc. ·In its factory it had in operation a number of machines, one of which was denominated a "truss machine," and was used for the purpose of equalizing the staves used in constructing butter-tubs. Appellee was an employe of appellant in its factory, and was engaged in operating the truss machine. His employment began some time in April, 1894, and in November following he, while engaged in operating the said truss machine, was severely injured, by reason of a weight thereof falling upon his hand and wrist. To recover damages for the injury so sustained, through the alleged negligence of appellant, this suit was instituted. A trial in the lower court before a jury resulted in appellee being awarded damages in the sum of $3,000, and, over appellant's motion for a new trial, judgment was rendered

thereon. The errors which appellant argue and rely upon for a reversal are (1) the overruling of its motion for a new trial, and (2) the overruling of its motion for judgment in its favor on the answers of the jury to interrogatories.

The first paragraph of the amended complaint charges in substance that the plaintiff sustained the injuries of which he complains, while he was engaged in operating, in the service of defendant, the truss machine in question, and that such injuries were caused by reason of the fact that appellant carelessly and negligently constructed and maintained the said machine in a defective and insecure condition; that appellant was negligent in attaching to said truss machine a hoop punching machine, and causing said punching machine to be run and operated at the same time that appellee was engaged in operating the truss machine; that the attaching of said punching machine caused the said truss machine to become insecure, and caused it to jerk, vibrate and shake, which effect upon said truss machine, followed by the fact that the hoop punching machine would become stalled in the hoop iron, and thereby jar and jerk the truss machine, whereby the operation of the latter became and was unsafe, by reason of which the frame of the said truss machine was not strong enough to stand the additional strain put thereon by attaching the punching machine thereto; that while appellee was operating the said truss machine, as aforesaid, and while the truss head weight thereof was suspended in its proper place, the dog or pawl which held the weight, as suspended, was jarred out of the ratchet, which secured the weight in its place, and the said weight was thereby caused to fall upon the plaintiff's right hand and wrist. The averments of the second paragraph of the amended complaint are similar in many respects to those of the first. It imputes negligence of the appellant in constructing the truss machine by which appellee was injured. The fact that the same

was constructed out of old and worn material, and that it was so constructed as to be unsafe and insecure as therein mentioned, and that, after the erection and construction of said truss machine, the defendant did not at said time or at any time instruct plaintiff or give him warning of the dangerous condition of the dog or pawl which formed a part of said machine, or that the operation of said truss machine was dangerous or hazardous, etc. Each paragraph of the complaint discloses an absence of contributory negligence upon the part of the plaintiff, and avers knowledge of the defective machinery upon the part of appellant, and absence of knowledge of the unsafe condition of the machine on the part of appellee. In fact, no questions are raised as to the sufficiency of the complaint. The pleading is conceded to be good on demurrer.

It is insisted that the evidence clearly shows that the defects, if any, in the machine with which appellee was working, were visible to him and easily seen, and were known to him, or could have been known by the use of ordinary care and diligence. Counsel say: "While we enter upon this discussion knowing that this court never weighs conflicting evidence, we insist earnestly that, upon the point we argue, the evidence is not conflicting. If the power communicated to the punching machine from the truss machine was not sufficient to run the punching machine, and such attachment made appellee's work more dangerous, as alleged in the amended first paragraph of complaint, or if the attachments of the truss machine were old and worn, and, by reason thereof, his work thereby was made more hazardous, as averred in the amended second paragraph of complaint, and the appellee knew such facts, or could have known them by reasonable and ordinary diligence, then he cannot recover." There is evidence going to establish that appellee had only been engaged in operating the truss machine by which he was injured about eight or ten days prior to the accident; that he had no knowledge

Creamery, etc., Co. *v.* Hotsenpiller.

before that time of the dangerous or unsafe condition of the truss machine, or the part thereof by which he was injured. While, on the other hand, there is evidence to show that appellant had knowledge of the imperfections which rendered the machine dangerous or unsafe to be operated. The evidence further discloses that appellee was injured by reason of the truss head or weight of. the truss machine falling upon his arm and wrist; that the falling of the truss head or weight was due in part, at least, to the action of the hoop punching machine, which, as shown, was attached to the truss machine, in failing properly to operate in doing its work, in connection with the latter machine, and partly due to the alleged defects in the dog or sliding rod of the truss machine. While the evidence in respect to some features of the case can not be said to be strong or of great weight, nevertheless we would not be justified in disturbing the judgment upon the ground that the evidence is insufficient, because there is evidence to sustain. the general verdict and the material special findings of the jury in answer to interrogatories submitted to them.

The evidence is not of such a character that, upon the consideration thereof, we can affirm, as a matter of law, that appellee, as appellant claims, assumed the risk due to the dangerous or unsafe condition of the truss machine, within the rule asserted in *Louisville, etc., R. Co.* v. *Kemper,* 147 Ind. 561; *Wabash R. Co.* v. *Ray,* 152 Ind. 392.

In the appeal of *Mead* v. *Burk,* 156 Ind. 577, 582, the correct rule, and the one by which this court is controlled, is asserted as follows: "In order to justify this court in disturbing a judgment of the lower court in any case or proceeding, upon the evidence alone, the latter must be such as to raise a question of law, and not one merely of fact. *Lee* v. *State,* 156 Ind. 541, and cases there cited."

It is next contended that a new trial ought to have been granted because of newly discovered evidence. This ground for a new trial was supported. by the affidavits of certain

persons, but these documents have not been incorporated into the record by a bill of exceptions or order of court as exacted by a familiar and well settled rule of appellate procedure, hence, by reason of their absence from the record they are of no avail in this appeal.

Appellant further complains of the rulings of the trial court in admitting, in behalf of appellee, the testimony of George Holloway, in respect to the condition of the dog and lever and other parts of the truss machine in question. This witness, as it appears, made an examination of the machine and its parts about one week after the occurrence of the accident, and testified to what he discovered by his examination in regard to the dog or pawl which held the weight up in the ratchet of the machine. Among other things, he testified that the dog was short and worn off at one of its corners, etc. It appears that, at the time the witness made his examination, the machine in controversy, together with all of its parts, remained practically unchanged from what its condition was at the time the accident occurred. No repairs had been made thereon, and nothing subsequent to the accident, up to the examination made by the witness, had transpired to change the condition of the machine from what it was at the time appellee sustained the injury in dispute. By reason of the unchanged condition of the machine at the time of the examination, the evidence in dispute would certainly serve or tend to show what its condition was at the time the accident occurred, hence, under the circumstances, the evidence was proper. While it is true that the examination of the machine was made by the witness subsequent to the time of the accident, still, what he discovered by means of the examination which he made, and to which he testified, necessarily, under the circumstances, related back, and tended to disclose the condition of the machine at the time appellee sustained his injury. *Hopkins v. Boyd,* 18 Ind. App. 63; *Salladay v. Town of Dodgeville,* 85 Wis. 318, 55 N. W. 696, 20 L.

R. A. 541; *Cutter* v. *Hamlen,* 147 Mass. 471, 18 N. E. 397, 1 L. R. A. 429.

The question in respect to the admissibility of the evidence in dispute, under the facts, does not fall within the rule enforced in *Terre Haute, etc., R. Co.* v. *Clem,* 123 Ind. 15, 7 L. R. A. 588, 18 Am. St. 303, and *Board, etc.,* v. *Pearson,* 129 Ind. 456. These decisions have no application to the question as here involved.

Appellant complains because, as its counsel allege, the court sustained an objection of the appellee to the following question, which, as they assert, was propounded by appellant to appellee on his cross-examination, to wit: "Were you not, after the accident occurred, kept on the pay-rolls, and paid your wages by the defendant until about the commencement of this action?" It was disclosed that the question, as here set out, was embraced in appellant's motion for a new trial as one of its reasons, but the bill of exceptions discloses that no such question as the one set out in the motion for a new trial, and discussed by counsel for appellant in their brief, was propounded to appellee on his cross-examination and excluded by the court, hence, under the circumstances, for this reason, if for no other, appellant is not in a position to have the alleged erroneous ruling of the court in question reviewed in this appeal.

The special findings of the jury upon the interrogatories are in harmony with the general verdict, consequently appellant was not entitled to a judgment on these findings in its favor.

It is finally claimed that the damages are excessive. The jury saw appellee's injured hand and wrist, and heard all of the evidence in respect to the suffering to which he had been subjected on account of said injury, and the extent to which he had been disabled from pursuing his usual vocation, which was that of manual labor. Under all the circumstances in the case we discover nothing to induce us to believe that the jury in awarding the damages was in-

fluenced by prejudice, passion, partiality, or corruption, hence we would not be justified in disturbing the judgment upon the ground of excessive damages. *Illinois, etc., R. Co. v. Cheek,* 152 Ind. 663.

We find no available error in the record, and the judgment is, therefore, affirmed.