## City of Whiting *v.* Eagan, by Next Friend.

[No. 6,016. Filed March 11, 1908.]

1. APPEAL.—*Weighing Evidence.*—The Appellate Court will not disturb a judgment for insufficient evidence, where there was some evidence upon every material point involved. p. 378.
2. SAME.—*Briefs.*—Alleged errors not discussed are waived. p. 378.
3. DAMAGES.—*Excessive.*—*Cities.*—A verdict for $2,000 is not excessive, where plaintiff's leg was bruised and lacerated and her hip probably permanently injured. p. 378.
4. TRIAL.—*Instructions.*—*Duplication.*—*Contributory Negligence.*— Where the court has instructed that if the plaintiff was negligent in using the sidewalk alleged to have been defective, and that her injuries resulted because of her negligence, she cannot recover, a refusal to instruct that if her negligence in any manner contributed to her injury, she cannot recover, is not erroneous. p. 378.

From Lake Superior Court; *Cornelius R. Collins,* Special Judge.

Action by Burnadette Eagan, by her next friend, against the City of Whiting. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. N. Gavit,* for appellant.
*Crumpacker & Moran,* for appellee.

Roby, C. J.—Action by appellee for damages on account of personal injuries alleged to have been sustained by reason of a defective sidewalk in the city of Whiting. A demurrer to the amended complaint was overruled, a general denial

filed, trial had by a jury, verdict for $2,000, and judgment upon the verdict.

The appellee, Burnadette Egan, a child twelve years of age, was, on the evening of October 31, 1903, passing along a sidewalk in said city, exercising due care for her safety, when she stepped on a part of the sidewalk which was worn and rotten.    It gave way, and permitted her leg to pass through the walk, whereby it was bruised and lacerated, and her right hip injured, "hip disease" resulting therefrom, the permanency of which could not be agreed upon by the expert witnesses.

Seven alleged errors are relied upon for a reversal, fifty-three reasons being enumerated as causes for a new trial. Two assignments go to the sufficiency of the complaint. None of the objections to the complaint are well taken, and it is needless to discuss the legal propositions relied upon, which may indeed be conceded without affecting the sufficiency of the pleading.

Three of the assignments go to the sufficiency of the evidence.    The bill of exceptions containing the evidence covers 486 typewritten pages.    It has been carefully reviewed and found to support the verdict on material points.

The alleged grounds for a new trial based upon the improper admission and rejection of evidence are not discussed by appellant in its brief; nor is the ground for a new trial—that the damages were excessive— more than mentioned.    The damages are not excessive. *Cincinnati, etc., R. Co.* v. *Worthington* (1903), 30 Ind. App. 663, 96 Am. St. 355; *Creamery, etc., Co.* v. *Hotsenpiller* (1902), 159 Ind. 99.

Instructions refused, so far as they expressed applicable propositions of law, were embodied in those given, for instance: instruction five requested by appellant was, in part: "Still, if you find that the plaintiff's negligence in any way contributed to her injury,

then she cannot recover ·in this action.'' And instruction sixteen, given by the court of its own motion, was, in part, as follows: ''Still, if you find that the plaintiff was also negligent in using the sidewalk, or in the manner of using it, and that she was injured by reason of such negligence, then she cannot recover in this action.''

Appellant has attempted to point out error in more than a dozen of the twenty-three instructions given by the court. Some of these objections are immaterial, and at least three of them are founded upon a mistake as to what the instructions, which are set out in full in the brief, actually were. A categorical discussion of the points argued by appellant would extend this opinion beyond reasonable limits, without serving any good purpose.

There is no reversible error in the record, and the judgment is affirmed.