## WIRTZ v. LUCKETT.

[No. 11,152.    Filed April 7, 1922.]

1. MUNICIPAL CORPORATIONS. — *Obstruction in Street.* — *Open Trench.*—*Personal Injuries.*—*Liability of Abutting Owner.*— The owner of a lot abutting on a public street, who dug a ditch extending from his property line across the sidewalk and into the street, owed the general public the duty to cover up the ditch so as to prevent persons using the street from being injured, and, failing to do so, was liable for injuries sustained by a person who after dark, stepped in the ditch. p. 174.

2. MUNICIPAL CORPORATIONS.—*Obstruction in Street.*—*Personal Injuries.*—*Contributory Negligence.*—Plaintiff, who alighted from an automobile at a time when it was dark without knowledge of the existence of a trench dug by defendant and extending from his property lines across the sidewalk into the street, was not guilty of contributory negligence in not crossing the trench on the sidewalk where it was covered. p. 174.

3. WITNESSES.—*Impeachment.*—*Form of Question.*—In an action for personal injuries, the refusal of the trial court to permit defendant to answer a question as to a conversation with plaintiff's witness, claimed to have been held on a certain date, for the purpose of impeaching plaintiff's witness, was proper, where the question which had been propounded to the witness related to a conversation held on another day. p. 174.

4. WITNESSES.—*Impeachment.*—*Form of Question.*—A question asked to impeach another witness must be identical as to time, place and substance as the previous question propounded to the witness sought to be impeached. p. 174.

5. APPEAL.—*Review.*—*Damages.*—*Excessive Damages.*—A judgment will not be reversed on the ground of excessive damages unless they are so excessive as to show that the court or jury acted from prejudice, partiality or corruption. p. 175.

From Vanderburgh Superior Court; *Robert J. Tracewell,* Judge.

Action by Flora Luckett against Christ Wirtz and wife. From a judgment for plaintiff, the named defendant appeals. *Affirmed.*

*W. D. Hardy,* for appellant.

*J. W. Sappenfield,* for appellee.

NICHOLS, J.—This was an action by appellee against appellant and his wife for damages for personal injuries suffered by appellee as a result of their alleged negligence.

It is averred in the complaint that the defendants were the owners of a certain lot in the city of Evansville on September 8, 1920, which lot abutted on a public street of said city. On said day they caused to be dug a trench or ditch from the front line of their lot across the sidewalk and into the public street beyond the sidewalk a distance of about two feet. On said day, and after dark, and during the night following, they negligently and carelessly left the portion of the ditch extending beyond the sidewalk into the public street uncovered and without any light for the protection or warning of passers-by. At about 9 o'clock p. m. of said day appellee and her husband drove along said street and stopped their automobile in front of the lot. It was at the time dark, and appellee could not see the ditch in the street. Appellee and her husband left their automobile and started to approach the sidewalk in a careful and prudent manner when appellee stepped into the ditch and was injured for which she demands damages.

There was an answer in denial and a trial by the court which resulted in a finding and judgment for appellee against appellant in the sum of $250. The only error assigned is the action of the court in overruling appellant's motion for a new trial.

Appellant first contends that the finding of the court is not sustained by sufficient evidence for the reason that the ditch was being dug by an independent contractor, and that appellant was not liable for such contractor's negligence. But conceding, without deciding, that appellant would not have been liable if the work had been done by an independent contractor, the

evidence is sufficient to sustain a finding that the work was done by appellant and not by an independent contractor.

Appellant next contends that he owed no duty to appellee other than that which he owed to the occupying tenant as appellee was a guest of the tenant and

1. at most a mere licensee of appellant. Appellee did not sustain her injury while upon the premises of appellant as a guest of the occupying tenant. She was not the guest of the tenant when she was injured, but was on a public street and fell into a ditch on a public thoroughfare, which appellant had dug and left uncovered of which fact appellee had no knowledge and which she could not see because of the darkness. Appellant owed the general public, including appellee, the duty not to dig and leave uncovered a ditch in a public street, and violating that duty he must respond in damages for his negligence.

Further appellant contends that appellee herself was guilty of negligence in not crossing the trench on the sidewalk at a place where the evidence shows it

2. was covered. But it will be noted that appellee alighted from her automobile which had stopped in the street, and she stepped into the ditch without any knowledge that there was such a pitfall there. We know of no reason or authority that would require us to hold a person in a public street guilty of negligence under such circumstances.

Appellant also complains that the court erred in refusing to permit him, when testifying as a witness, to answer a question propounded to him which had

3, 4. been also propounded as an impeaching question to the tenant who was a witness for appellee. The question propounded to appellee's witness was as to whether or not on November 20, 1920, in a conversation with appellant the witness did not say in effect

that he told appellee and her husband that a trench was being dug and that it was uncovered and that they had better be careful.   But the question propounded to appellant concerned a conversation which was claimed to have been held on November 27, 1920.   It is a rule in such cases that the question propounded must be identical as to time, place and substance.   Clearly the question here involved was not identical as to time.   See *Roller* v. *Kling* (1898), 150 Ind. 159, 49 N. E. 948.

It does not appear from the evidence that the damages assessed by the court were excessive.   Before a judgment will be reversed on the ground of excessive damages they must be so excessive as to show that the court or jury acted from prejudice, partiality or corruption. *Creamery, etc., Co.* v. *Hotsenpiller* (1902), 159 Ind. 99, 64 N. E. 600; *Indiana, etc., Gas Co.* v. *Anthony* (1900), 26 Ind. App. 307, 318, 58 N. E. 868; *Illinois, etc., R. Co.* v. *Cheek* (1899), 152 Ind. 663, 668, 53 N. E. 641.

We find no error in the record.   The judgment is affirmed.