GAUT ET AL. *v.* GAUT, ADMINISTRATRIX, ETC.

[No. 19,446. Filed February 12, 1963.]

*David Peters* and *Peters & Snouffer*, of Fort Wayne, for appellants.

*Norbert L. Wyss,* and *H. Hugh Kennerk,* both of Fort Wayne, for appellee.

CLEMENTS, J.—This is an appeal from the Allen Superior Court, No. 2. The court denied the claim of Rhoda Johnston Gaut, a daughter; the claim of James P. Johnston, a son; and the claim of Don Joseph Johnston, a son, filed against the estate of their father, James Benson Johnston. The deceased father had four other children, a son and three daughters.

Each of the three claimants filed motions for new trial asserting (1) that the decision of the court is not sustained by sufficient evidence; and (2) that the decision of the court is contrary to law. The court overruled each motion for new trial.

The assignment of errors states that the court's overruling of the motions for new trial was error, and then assigns two additional errors as follows:

"2. The court erred in overruling appellants' offers to prove an overall plan of compensation for his children.
"3. The Court erred in admitting evidence of negotiations among the children."

Both of these assignments are for alleged errors that occurred during the trial, and can only be saved for consideration on appeal by assigning them as causes for new trial. *Brown* v. *State* (1939), 216 Ind. 106, 108, 23 N. E. 2d 267; *Storer* v. *Markley* (1905), 164 Ind. 535, 537, 73 N. E. 1081; *Black* v. *Wachs* (1960), 130 Ind. App. 293, 297, 163 N. E. 2d 894; *Loehr* v. *Meuser* (1950), 120 Ind. App. 630, 635, 93 N. E. 2d 363.

Each of the three claimants received a negative judgment. Where the appellant did not receive the af-

firmative relief to which he alleged he was entitled, an assignment that the decision of the court is not sustained by sufficient evidence raises no question. *Hinds, Executor Etc.* v. *McNair et al.* (1956), 235 Ind. 34, 41, 129 N. E. 2d 553; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905; *Woodrow* v. *Woodrow* (1961), 131 Ind. App. 523, 527, 172 N. E. 2d 883.

On this appeal there remains only the specification that "the decision of the trial court is contrary to law."

Under this assignment this court cannot weigh the evidence but must consider only the evidence most favorable to the appellee, together with any reasonable inferences drawn therefrom. *A. S. C. Corporation* v. *First Nat. Bank, etc.* (1960), 241 Ind. 19, 23, 167 N. E. 2d 460; *Hayworth* v. *Bromwell* (1959), 239 Ind. 430, 438, 158 N. E. 2d 285; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 529, 104 N. E. 2d 669; *Doolittle* v. *Kunschik* (1962), 134 Ind. App. 125, 186 N. E. 2d 803, 805; *Kostas* v. *Zaracostas* (1948), 118 Ind. App. 425, 431, 75 N. E. 2d 423.

There is evidence in the record which contradicts the allegations and proof made by the appellants on behalf of their claims.

This appeal is presented on one transcript and one joint assignment of errors.

The record shows that appellant, Rhoda Johnston Gaut, filed her claim on March 29, 1955, which was identified as Claim Number 6859; that appellant, James P. Johnston, filed his claim on March 29, 1955, which was identified as Claim Number 6860; and that appellant, Don Joseph Johnston, filed his claim on March 29, 1955, which was identified as Claim No. 6861.

As to the claimant-appellant, Rhoda Johnston Gaut, the court rendered judgment against her and ordered her to pay the costs.

As to the claimant-appellant, James P. Johnston, the court rendered judgment against him and ordered him to pay the costs.

As to the claimant-appellant, Don Joseph Johnston, the court rendered judgment against him and ordered him to pay the costs.

Each claimant filed separate and individual motions for a new trial.

Each motion for new trial was separately overruled.

On December 7, 1959, Rhoda Johnston Gaut, under Claim Number 6859, filed her praecipe for a complete transcript, which was signed by David Peters as attorney for such claimant.

On the same date James P. Johnston, under Claim Number 6860, filed his praecipe for a complete transcript, which was signed by David Peters as attorney for such claimant.

On the same date Don Joseph Johnston, under Claim Number 6861, filed his praecipe for a complete transcript, which was signed by David Peters as attorney for such claimant.

The Clerk executed and placed in the transcript three separate certificates, one certifying as to the correctness of a transcript on the claim of Rhoda Johnston Gaut; the second certifying as to the correctness of a transcript on the claim of James P. Johnston; and the third certifying as to the correctness of a transcript on the claim of Don Joseph Johnston.

On appeal these three appellants treat their claims as having been consolidated and filed a joint assignment of errors.

The Bill of Exceptions recites:

"THE COURT: Let the record show that it is agreed by counsel that the evidence to be submitted is submitted on Claims No. 6859, 6860 and 6861."

The question arises whether or not, under Rule 1-4A of the Supreme Court, there is a consolidation of the three claims. The transcript contains no motion to consolidate, nor any order of the trial court consolidating the claims.

The three separate judgments, three separate motions for a new trial, and three separate praecipes for complete transcripts, would not indicate that the court had ordered consolidation under Rule 1-4A, *supra.*

In the case of *Trusler* v. *Galambos et al.* (1958), 238 Ind. 195, at page 203, 149 N. E. 2d 550, the Supreme Court said:

"If the judgments are separate in separate causes, the rule is clear appeals cannot be prosecuted by one transcript and one assignment of errors."

The judgment of the trial court is affirmed.

Cooper, C. J., and Carson, J., concur.

Ryan, J., concurs in result.

NOTE.—Reported in 187 N. E. 2d 580.