SHEETS *v.* GARRINGER, BY NEXT FRIEND, ETC.

[No. 19,725. Filed December 23, 1963.]

*Paul E. Schrenker, Schrenker & Anderson,* and *William J. Norton,* all of Anderson, for appellant.

*Richard Davisson* and *Busby, Davisson, Cooper & Farr,* of Anderson, for appellee.

CARSON, C. J.—This appeal comes to us from the Madison Circuit Court. The action below was for damages for personal injuries alleged to have been suffered by the appellee as a result of the alleged negligence of the appellant in the operation of appellant's motor vehicle. The issues were formed on the appellee's complaint and the appellant's answer under Rule 1-3 of the Supreme Court of Indiana; trial was had by jury which resulted in a verdict for the appellee in the sum of $10,000.00 and consistent judgment was entered by the court. The appellant filed her motion for new trial which was overruled and from which ruling she prosecutes this appeal assigning as error the overruling of the motion for new trial.

In the argument portion of the appellant's brief 22 specifications of error are set out. Specifications 1, 2 and 3 are grouped together and are addressed generally to the proposition that the trial court abused its discre-

tion in permitting the case to go to the jury following certain allegedly prejudicial actions of the plaintiff during said trial. Specifications 4, 5 and 6 are grouped together and raise the propositions that the verdict of the jury is not sustained by sufficient evidence and that the verdict of the jury is contrary to law. Specifications 7 through 9 set out that the court erred in giving certain of the plaintiff's instructions, and specifications 10 through 14 allege that the court erred in refusing to give certain instructions tendered by the defendant. Specifications 15 through 22 allege that the court erred in sustaining certain objections to questions propounded by the defendant on a cross-examination of the plaintiff and certain witnesses of the plaintiff. The specifications will be considered in groups under the general categories outlined above.

From an examination of the record we conclude that the appellant has not demonstrated prejudicial error as a result of the conduct of the plaintiff at the time of the trial. The trial judge had before him the parties, the jury, and was fully aware of the entire scene as it unfolded. Unless the record demonstrates a clear abuse of discretion we will not substitute our judgment for the wise exercise of discretion by the trial judge. The general rule is well stated in 53 Am. Jur., Trial, §41, p. 54 as follows:

"Where a litigant during a trial is guilty of emotional or other demonstration, such as weeping and wailing, or fainting or collapsing, it is within the discretion of the trial court whether to discharge the jury, and to call another jury free from unmerited sympathy that might have been occasioned thereby."

It should also be pointed out that the trial court gave an instruction to the jury to disregard sympathy, which instruction reads as follows:

"I instruct you that sympathy or prejudice should have no influence upon you nor control your verdict in any way. The question of whether the defendant is liable is to be determined from the evidence, under the instructions of the court. Prejudice, sympathy or any outside consideration should not in any way affect your determination of any question in this case."

We therefore feel that there was no prejudicial error and that the trial court's exercise of its discretion was proper.

The record discloses that the appellee had a complete physical examination approximately six months before the accident and had been found to be in normal health; that she attended school and worked part time at a drive-in; that within six weeks after the accident she had lost 16 pounds of weight, become highly emotional and experienced a tenderness in the lower abdomen; that she had fainting spells and irregularities in her menstrual cycle for many months following the accident. It is a well established rule of this court that we will not reverse a case for excessive damages unless there is a total lack of evidence to justify the verdict or unless the verdict is so great as to justify the conclusion that the jury was swayed by passion or prejudice. *Indianapolis Transit, Inc.* v. *Martha Moorman* (1963), 134 Ind. App. 572, 189 N. E. 2d 111; *New York Cent. R. R. Co.* v. *Johnson, Admr., etc.* (1955), 234 Ind. 457, 127 N. E. 2d 603; *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 108 N. E. 2d 57; *Creamery, etc. Co.* v. *Hotsenpiller* (1902), 159 Ind. 99, 64 N. E. 600; *Illinois, etc., R. Co.* v. *Cheek* (1899), 152 Ind. 663, 53 N. E. 641.

The appellant urges that the verdict is not sustained by sufficient evidence and is contrary to law. As we

have said before, we do not weigh the evidence and substitute our judgment for that of the trial court or jury. Further, if there is evidence or reasonable inferences to support the verdict of the jury we do not reverse on an assignment of the appellant that the verdict is contrary to law unless the appellant affirmatively shows that reasonable men could not have arrived at the same verdict or judgment. *Gaut et al.* v. *Gaut, Admx.* (1963), 134 Ind. App. 317, 187 N. E. 2d 580; *Hinds, Executor, etc.* v. *McNair et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669.

The appellant's objection to the instructions given for the appellee and refused for appellant do not in our opinion merit lengthy consideration. The instructions are not mandatory in form and the rule has been well stated by this court in *Vance* v. *Wells* (1959), 129 Ind. App. 659, 666, 159 N. E. 2d 586, wherein we said:

"A mandatory instruction unequivocally charges the jury that if they find from a preponderance of the evidence that a certain set of facts exists, they must render a verdict in accordance therewith, either for the plaintiff or in favor of the defendant. *It positively directs the jury to find for one party and against the other.*" (Our Emphasis)

Considering further the instructions as a whole we apply the rule set out by the Supreme Court of Indiana in the case of *Massachusetts Bonding and Ins. Co. et al.* v. *State of Indiana ex rel. Gary* (1921), 191 Ind. 595, 602, 131 N. E. 398, where the court made the following statement:

"Instructions to the jury are to be considered as an entirety, and if by so doing, or from the entire

record, it affirmatively appears that the substantial rights of the complaining party would not be prejudiced by the challenged instruction, a reversal of the judgment for that reason alone will not be ordered, although such instruction, when separately considered, may appear to be objectionable." And cases therein cited.

It is apparent from a consideration of the entire record in this case that the jury reached a correct conclusion. The cause was fairly tried on its merits and a right result reached. Our Supreme Court has held repeatedly that harmful errors in instructions, if any were committed, should not authorize the reversal of a fair judgment. *Sanders* v. *Weelburg, Executrix* (1886), 107 Ind. 266, 276, 7 N. E. 573; *Porter et al.* v. *Waltz et al.* (1886), 108 Ind. 40, 45, 8 N. E. 705; 5 West's Indiana Digest, Appeal and Error, §1064 (1) and cases therein cited.

We have considered the errors covered by specifications 15 through 22 of the appellant's brief. It is apparent that the appellant was not harmed by the court's ruling on the objections to questions propounded by him at the trial. In the recent case of *Maryland Casualty Co. etc.* v. *Weiss* (1959), 129 Ind. App. 481, 488, 157 N. E. 2d 840, in discussing the question of sufficiency of objections made to questions during the trial this court said:

"However, where objections to questions are sustained, any valid objection to the questions may be urged on appeal, regardless of the objections made in the trial court."

The appellee has met the specifications set out in the appellant's brief and by cogent argument and authorities has shown that the trial court did not commit error

in its ruling on the objections to the questions propounded during the trial.

For the reasons herein set out we feel that no error has been demonstrated and the judgment is affirmed.

Judgment affirmed.

Cooper and Ryan, JJ., concur.

NOTE.—Reported in 194 N. E. 2d 757.