PITTS AND JONES *v.* STEWART.

[No. 19,523. Filed November 5, 1964. Mandate clarified December 2, 1965.]

*Taylor & Taylor,* of Sullivan, and *Mann & Mann,* of Terre Haute, for appellant, Pitts. *Tennis & Cochran,* of Sullivan, and *Gambill, Cox, Zwerner & Gambill,* of Terre Haute, for appellant, Jones.

*Berry, Kincade and Allen,* of Terre Haute, for appellee.

CARSON, J.—This case comes to us as a result of the granting of a petition for rehearing on behalf of the appellant, Pitts. The original decision was handed down December 6, 1962, and appears in 186 N. E. 2d 800.

The petition for rehearing merely restates the same propositions as were presented to the Court in the appellant's, Pitts, original brief.

The only question presented for our consideration is point number 2 of the petition for rehearing to the effect that the prior decision of this Court contravenes a ruling precedent of the Supreme Court of Indiana in the case of *Inland Steel Co.* v. *Ilko* (1913), 181 Ind. 72, 78, 103 N. E. 7. With this conclusion we cannot agree. That case turned on the proposition that the, "fact in issue was established by competent relevant evidence." In this case the evidence of the plaintiff, Stewart, was only one element of relevant evidence available to the trial court for its consideration in making its finding of fact.

While it is true that the statement of the plaintiff was the only direct evidence on the question of alleged negligence

of the defendant, Pitts, still there were many other facts and circumstances which the trial court could consider and weigh in determining the negligence question. In a negligence case where the contested facts are specially found by the court, the court must determine the issue of negligence as a matter of law. *Cumberland Telephone, etc., Co.* v. *Kranz* (1911), 48 Ind. App. 67, 95 N. E. 371. It is a fundamental and well established rule that this Court will not weigh the evidence which has been considered by the trial court or jury nor will we reverse the finding of a trial court or the verdict of a jury as being contrary to law unless the evidence is without conflict and can lead but to one conclusion, and the trial court or jury has reached an opposite conclusion. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669; *Sheets* v. *Garringer* (1963), 135 Ind. App. 488, 194 N. E. 2d 757.

From our examination of the evidence in this case it appears that there was adequate proof upon which the trial court could make its finding of negligence against the defendant-appellant, Pitts, and the decision of the trial court is affirmed and the result heretofore arrived at by this Court is affirmed.

Judgment affirmed.

Faulconer, P. J., Cooper and Ryan, JJ. concur.

### Mandate Clarified

Carson, J.—This cause having been remanded to the Appellate Court by the Supreme Court of Indiana to clarify its mandate and separate opinions heretofore rendered and in compliance therewith the following opinion is made.

It appearing to this court that it was the intention of the Appellate Court in its last opinion appearing in 201 N. E. 2d 834, to affirm the lower court's judgment as to the appellate Pitts and to adhere to the previous ruling of the Appellate

Court vacating and remanding for further proceedings as to the appellant Jones which appears in 186 N. E. 2d 800.

It further appearing to the Court as stated in the opinion of the Supreme Court of June 28, 1965, reported in 208 N. E. 2d 468, that the trial court had on the 28th day of January, 1965, filed with the Clerk of the Supreme and Appellate Courts its supplemental findings of fact and conclusions of law pursuant to the Appellate Court's previous mandate. Now therefore the mandate of the Appellate Court in its opinion of November 5, 1964, 186 N. E. 2d 800, in view of the supplemental findings of fact and conclusions of law, and the Supreme Court's above opinion, is now hereby modified to provide that the judgment of the trial court is now affirmed as to both defendants.

Prime, C. J., Wickens, J. and Faulconer, J. concur.

Note.—Reported in 201 N. E. 2d 833. Mandate clarified in 211 N. E. 2d 781.