MARSH SUPERMARKETS, INC. *v.* SOSBE.

[No. 269A27. Filed December 2, 1969. Rehearing denied January 5, 1970.]

*Russell J. Wildman,* of Peru, for appellant.

*Russell T. Keith,* of Peru, and *Joseph P. Noel,* of Kokomo, for appellees.

PFAFF, C.J.—Appellee, Barbara Sosbe, received personal injuries while shopping in one of appellant's stores in Kokomo, Indiana. Said appellee and her two children entered appellant's store, selected at random a grocery cart from among the carts positioned at the store entrance, and proceeded to procure some of those items she desired to purchase. After selecting various items, said appellee's six year old daughter noticed that there was a wheel missing from the cart being used by her mother, and appellee's daughter so informed appellee of that fact. Appellee told her children that they would have to return to the front of the store to get a good cart because the defective cart which they were using "could cause an accident." Appellee pushed the defective cart to the front of the store and informed appellant's cashier of the fact of the missing wheel. The cashier told appellee to select a good cart. Appellee left the defective cart by the cashier's desk and procured a good cart, which she placed alongside the defective cart. She removed her two year old son from the defective cart and then began transferring groceries from the defective cart into the newly-procured cart. During the process of transfer, the defective cart suddenly tipped over, striking appellee and causing her to fall to the floor, where she was struck about the upper portions of her body by articles still remaining in the defective cart.

Subsequent to the accident, appellees' husband, Richard Sosbe, and appellee, Barbara Sosbe, instituted separate actions in the Howard Circuit Court. Upon motion, these actions were consolidated for trial. Thereafter, the cause was venued to the Miami Circuit Court.

Appellees' complaints charged appellant with four acts of negligence which were, allegedly, the proximate cause of appellee Barbara Sosbe's injury. The allegations of negligence were:

"1. Marsh invited Barbara to use a cart which was defective and which Marsh either knew was defective or in the exercise of reasonable care should have known was defective * * *.

"2. Marsh failed to warn Barbara of the defective cart and its potential harm despite the fact that it knew of the defect or in the exercise of due diligence should have known of such defect.

"3. Marsh failed to adequately and frequently supervise the physical condition of its equipment * * * in those areas where customers, like Barbara, were known and invited to be.

"4. Marsh failed to promptly discover and remove the defective cart which its customers, including Barbara, were being asked to use."

Trial was held to a jury and the jury found that appellee Barbara Sosbe's injuries resulted from the negligence of the appellant and awarded said appellee damages in the mount of $8,000.00, and further awarded appellee, Richard Sosbe, damages in the amount of $3,000.00.

Appellant assigns as error the overruling of its motion for a new trial. While appellant's motion for new trial contains several specifications of error, not all of these specifications were presented to the trial judge in appellant's memorandum in support of the motion for new trial, nor are all specifications argued before this court on appeal. Those remaining specifications which properly merit our consideration are as follows:

1. Appellees' instructions numbered 5 and 7 given by the court conflict with appellant's instructions numbered 2 and 3, also given by the court.
2. Error in the court's refusal to give appellant's instructions numbered 1 and 4.

In discussing a possible conflict in instructions submitted to the jury, we must necessarily recite those instructions now in question. Appellees' instructions numbered 5 and 7 are as follows:

## APPELLEE'S INSTRUCTION NO. 5

"Plaintiffs have charged in their complaint that defendant invited Barbara Sosbe to use a cart which was defective, and which defendant either knew was defective or, in the exercise of reasonable care, should have known to be defective.

"If you find from the evidence that the cart which Barbara Sosbe used was among those carts offered to invitees by the defendant, and if you find that this cart was defective and that such defect was the proximate cause of Barbara Sosbe's injuries and resulting damages, if any, then as to such allegation of negligence, your finding will be for the plaintiffs."

## APPELLEE'S INSTRUCTION NO. 7

"The Plaintiffs' complaints contain 4 allegations of negligence; it is not necessary for the plaintiff to prove each and every one of these allegations of negligence. If only one or more of the acts of negligence alleged in the complaint is established by the evidence, the plaintiffs are entitled to recover."

Appellant's instructions numbered 2 and 3 state as follows:

## APPELLANT'S INSTRUCTION NO. 2

"Plaintiffs have charged in their complaints that defendant failed to warn Barbara Sosbe of the defective cart and its potential for harm, despite the fact that the defendant either knew of the defect or, in the exercise of reasonable care and due diligence, should have known of such defect.

"I now instruct you there is no evidence from which you can find for the plaintiffs and against the defendant, with

reference to this allegation of negligence, and as to such allegation of negligence, your finding will be for the defendant."

## APPELLANT'S INSTRUCTION NO. 3

"Plaintiffs have charged in their complaints that defendant invited Barbara Sosbe to use a cart which was defective, and which defendant either knew was defective or, in the exercise of reasonable care, should have known to be defective.

"I now instruct you there is no evidence from which you can find for the plaintiffs and against the defendant, with reference to this allegation of negligence, and as to such allegation of negligence, your finding will be for the defendant."

It is argued that the instructions are in conflict because of the following:

The second paragraph of appellee's instruction No. 5 tells the jury that the plaintiff-appellee, Barbara Sosbe, is to recover if, under the evidence, the defective cart she was using proximately caused her injury. The last few words of the second paragraph refers to one of the four allegations of negligence of plaintiff-appellee's complaint and said allegation is, in substance, the first paragraph of appellee's instruction No. 5. This same phrase, the first paragraph of appelle's instruction No. 5, is contained in appellant's instruction No. 3, which instructed the jury that there was no evidence on which the jury could find for the plaintiff-appellee, Barbara Sosbe, on the allegation of negligence that the defendant-appellant invited Barbara Sosbe to use a defective cart, and which defendant knew was defective, or in the exercise of reasonable care, should have known to be defective.

Appellee's instruction No. 7 tells the jury that of the four allegations of negligence contained in plaintiff-appellees' complaints, only one of the four allegations need be proven, and if one is proven, the plaintiffs-appellees are to recover. Appellant's instructions numbered 2 and 3 remove from the jury's consideration two of the four allegations of negligence.

A decision on the question of whether or not those instructions set forth above are conflicting is not essential. Even if we were to assume that the instructions do conflict, the error presented by conflicting instructions is not necessarily reversible error. In *Massachusetts, etc., Ins. Co.* v. *State, ex rel.* (1922), 191 Ind. 595, 602, 131 N. E. 398, the Supreme Court stated:

> "Instructions to the jury are to be considered as an entirety, and if by so doing, or from the entire record, it affirmatively appears that the substantial rights of the complaining party would not be prejudiced by the challenged instruction, a reversal of the judgment for that reason alone will not be ordered, although such instruction, when separately considered, may appear to be objectionable."

Our search of the record and consideration of all instructions submitted to the jury reveals nothing prejudicial to the appellant, notwithstanding the fact that some instructions may be in conflict. Evidence was introduced which substantiated the two remaining allegations of negligence, i.e., failure to supervise equipment such as grocery carts, and failure to discover and remove the defective cart. Further, the jury was fully and fairly instructed as to appellant's defenses, namely, three separate instructions on the theories of incurred risk, contributory negligence, and the fact that defendant-appellant was not an insurer against injury. Also, the jury was instructed that all instructions were to be considered as a whole. The trial judge adequately and correctly stated the reasons for denying appellant's motion for a new trial, and we recite in part those reasons.

> "The Court believes that by giving Defendant's tendered Instruction Number 6, wherein the Defendant instructed that if they should find the Defendant was not guilty of any negligence which was the proximate cause of the injuries to Barbara Sosbe, she could not recover; and by giving Defendant's Number 7, wherein the jury was instructed that the Defendant, Marsh Supermarkets, Inc. was not an insurer and the mere fact that Barbara Sosbe was injured, does not create liability on the part of the Defendant; and,

by giving Defendant's Number 11, wherein Defendant's Incurred Risk theory was thoroughly instructed upon, and the jury was instructed that Barbara Sosbe could not recover *if* she became aware of the missing wheel, and that such acts might cause an accident in the mind of a reasonably careful and prudent person. Also, on Defendant's theory of contributory negligence, the Jury was instructed that if Barbara Sosbe did not act, after discovering the wheel was missing as a careful and prudent person, and that if such knowledge and negligence was the proximate cause of her injuries, then the verdict should be for the Defendant. Said Defendant's Instruction Number 11 is in the nature of a pre-emptory instruction.

"Accordingly, the Court finds that the theories of the Defendant's case were thoroughly instructed upon, * * *."

It is the opinion of this court that the trial of this cause was fair to all litigants, and we find no error which can serve as a basis for reversal. We refer to the case of *Sheets* v. *Garringer, etc.* (1963), 135 Ind. App. 488, 494, 194 N. E. 2d 757, in which this court stated:

"It is apparent from a consideration of the entire record in this case that the jury reached a correct conclusion. The cause was fairly tried on its merits and a right result reached. Our Supreme Court has held repeatedly that harmful errors in instructions, if any were committed, should not authorize the reversal of a fair judgment. *Sanders* v. *Wheelburg, Executrix* (1886), 107 Ind. 266, 276, 7 N. E. 573; *Porter et al.* v. *Waltz et al.* (1886), 108 Ind. 40, 45, 8 N. E. 705; 5 West's Indiana Digest, Appeal and Error, § 1064 (1) and cases therein cited."

Appellant further argues that its instructions numbered 1 and 4 should have been submitted to the jury. They state as follows:

## APPELLANT'S INSTRUCTION NO. 1

"Plaintiffs have charged in their complaints that defendant failed to adequately and frequently supervise the physical condition of its carts provided for its customers who were invited and expected to use the same.

"I now instruct you there is no evidence from which you can find for the plaintiffs and against the defendant, with

reference to this allegation of negligence, and as to such allegation of negligence your finding will be for the defendant."

APPELLANT'S INSTRUCTION NO. 4

"Plaintiffs have charged in their complaints that defendant failed to promptly discover and remove the defective cart which its customers, including Barbara Sosbe, were invited to use.

"I now instruct you there is no evidence from which you can find for the plaintiffs and against the defendant with reference to this allegation of negligence, and as to such allegation of negligence, your finding will be for the defendant."

With reference to the error assigned in the court's refusal to submit appellant's instructions numbered 1 and 4, our review of the record establishes that there was evidence tending to show defendant-appellant's failure to supervise, discover and remove defective carts. Therefore, the trial judge was correct in refusing these instructions, and as to this contention, there is no error.

Judgment affirmed. The costs to be assessed against appellant.

Hoffman, Sharp and White, JJ., concur.

NOTE.—Reported in 252 N. E. 2d 597.