. Eppert *et al. v.* Hall.

Filed January 24, 1893.

———◆———

No. 15,572.

Eppert et al. *v.* Hall.

Witness.—*Credibility and Weight of Evidence.—Determined by Trial Court.—* The credibility of a witness, and the weight to be given his testimony, are questions to be determined by the trial court.

Vol. 133.—27.

<table>
<tr><td>133</td><td>417</td></tr>
<tr><td>142</td><td>489</td></tr>
<tr><td>143</td><td>704</td></tr>
<tr><td>133</td><td>417</td></tr>
<tr><td>152</td><td>377</td></tr>
</table>

Eppert *et al.* v. Hall.

SAME. — *Impeachment.* — *Deposition in Evidence.* — *Impeachment by a Former Deposition.* — *Foundation for.* — *Death of Deponent.*—Where a deposition is read in evidence, the deponent can not be impeached by introducing a former deposition of said deponent, taken and used in another case, unless the proper foundation for such impeachment is laid. The death of the witness does not alter the rule.

INSTRUCTIONS TO JURY.—*Promissory Note.*—*Principal and Surety.*—*Plea of Want of Consideration.*—*Instruction as to Consideration.*—In an action on a promissory note against a principal and his sureties, when the defense of "want of consideration" is set up, an instruction which is to the effect that a valid consideration as between the principal debtor on the note and his creditor is sufficient to support the undertaking of the sureties.

EVIDENCE.—*Decedent's Estate.*—*Claimant.*—*Incompetency of as Witness.*—*Reversible Error.*—Where in an action against A., the principal, on a promissory note, and B., a surety, and the estate of C., another surety, the plaintiff was permitted to testify generally in her own behalf and against all the defendants, and the court refused to instruct the jury to disregard the plaintiff's testimony as affecting the decedent's estate, such action constituted reversible error as to the estate.

From the Clay Circuit Court.

*G. A. Knight, B. V. Marshall* and *S. B. Davis*, for appellants.

*I. N. Pierce, W. W. Carter, J. G. McNutt, F. A. McNutt, G. W. Faris* and *S. R. Hamill*, for appellee.

McBRIDE, J.—This was a suit by the appellee on a note alleged to have been executed to her by the appellants, Eppert, Duey, Keys, and one William B. Tuell. Pending the litigation Tuell died, and the appellants, Tuell and Marshall, as administrators of his estate, were substituted as defendants in his stead. The defenses were *non est factum* and want of consideration. The appellee having recovered a verdict, a joint motion for a new trial by all of the appellants, and a separate motion by the administrators, were both overruled. Both rulings are assigned as error.

The first reason assigned for a new trial by the parties jointly is that the verdict is not sustained by sufficient evidence, and is contrary to law. As discussed, it involves

simply the question of the sufficiency of the evidence to sustain the verdict.

The appellee testified as a witness in her own behalf. Her testimony was material, and probably of controlling force in support of the verdict. Counsel for the appellant insist that she was so thoroughly impeached by proof of irreconcilable inconsistencies and downright contradictions between her testimony in the case at bar and in another case involving substantially the same subject-matter that her testimony here should be wholly disregarded.

Her credibility and the weight to be given her testimony were questions for the trial court and jury. We would not be justified in disturbing the verdict upon that ground.

The appellants insist that the court erred in its third instruction to the jury. That instruction was, in substance, a mere statement to the jury of the familiar and elementary proposition that a valid consideration as between the principal debtor on the note and his creditor was sufficient to support the undertaking of the sureties. The note was executed to secure a loan of $600, which was to be used in paying off another note on which the same sureties were liable. The appellants also insisted that it was not to be delivered until one Button had signed it as an additional surety, and then only on the cancellation of the other note, neither of which conditions were complied with. The appellants contend that the instruction was not applicable to the issue, and was, under the circumstances, misleading.

As above stated, one of the defenses pleaded was want of consideration. As applied to the issue thus formed, the instruction in question was certainly proper. Elsewhere the phase of the controversy presented by the facts above stated was fairly and correctly stated. If the instructions were not as full as the appellant desired, he should have asked for additional instructions on that point. The appellants have no reason to complain of this instruction.

The appellants, as one of the reasons for a new trial, alleged that the court erred in refusing to give certain instructions asked by them.   In their brief they again assert that this was error, but they have not favored us with any argument in support of their assertion.   If there was error in this action of the court it is waived.   A mere reiteration in the brief of a charge of error found in a motion for a new trial is, in no sense, a compliance with the rules of practice in this court.   Rule 26.

The deposition of a certain witness who had died before the trial was offered and read in evidence.   The appellants sought to impeach him by giving in evidence another deposition of the same witness taken and used in another case between the appellee and certain other parties.   The court excluded the latter deposition.   This was not erroneous.   No foundation had been laid for the impeachment. The death of the witness after the taking of the latter deposition did not change the rule requiring, as preliminary to his impeachment in this manner, that his attention be first called to the alleged contradictory statement, and the time and place it was alleged to have been made. This could have been done when the second deposition was taken.   The parties having neglected—at that time—to lay the proper foundation, can not now complain because death has made it impossible to lay such foundation.

The appellee testified as a witness in her own behalf. The appellants, Tuell and Marshall, objected on the ground that she was not a competent witness against the estate represented by them.   The court overruled the objection, saying that he would settle the question by an instruction to the jury.   She was allowed to, and did, testify generally against all of the appellants.

At the proper time, the administrators requested the court to instruct the jury to disregard her testimony as against the estate, but the court did not do so.   This was error.   She was not a competent witness against the

Eppert *et al. v.* Hall.

estate, and the court should have instructed the jury that they should not consider her testimony as against it. The administrators separately assigned this as a reason for a new trial, and here urge it as error. This error, however, can not avail the other appellants. We find no other error in the record.

The judgment is affirmed as to .all of the appellants, except Tuell and Marshall as administrators. As to them it is reversed, with instructions to the Clay Circuit Court to sustain their separate motion for a new trial.

Filed April 28, 1892.

## On Petition for a Rehearing.

McBride, J.—Out of deference to the evident sincerity of appellants' counsel in their exceedingly vigorous petition and brief asking for a rehearing, we have again carefully examined the entire record.

The principal controversy was on the issue raised by the plea of *non est factum*, the appellants insisting that the note sued on, while signed, was never delivered, and, therefore, never fully executed; that the appellee never saw or had possession of the note; that it was placed in the hands of a third party, to be held until a certain agreement was performed; that the agreement in question was never complied with, and that the note was thereupon not delivered to the appellee, but was returned to the appellants.

Delivery is an essential part of the execution of a promissory note. Until it is delivered it has no existence as a valid and binding contract.

It is not essential, however, that there be an actual manual passing of the note. Delivery may be constructive, and yet as effectual to pass title as if it were actually placed in the hands of the payee. Daniel on Negotiable Instruments, section 63.

In the case at bar, while many of the facts connected

with the alleged execution of the note in controversy were undisputed, there was controversy over other and material facts bearing upon that question. The determination of these facts rested with the jury, under the instruction of the court.

If this finding had been favorable to the appellants, under established rules of practice, this court could not have disturbed the finding. The finding, however, was adverse to them, and the same reasons which would have denied interference in the one case binds our hands here.

We can find nothing in the record to justify the granting of a rehearing upon any of the grounds urged in the petition, and therefore it is overruled.

Filed November 28, 1892.