## BARBEE *v.* MCKAY

[No. 20,245. Filed July 29, 1968. Rehearing denied September 11, 1968. Transfer denied November 13, 1968.]

*Scott and Shine,* and *John E. Scott,* of counsel, of Anderson, for appellant.

*Campbell, Malan, Kyle nad Proffitt,* and *C. V. Malan,* of counsel, of Noblesville, for appellee.

CARSON, C. J.—This action was begun on January 4, 1962, in the Superior Court of Madison County by George McKay alleging that plaintiff's two (2) minor sons were killed in an accident because of the alleged wanton and wilfull misconduct of the defendant.

Upon change of venue, the cause was transferred to the Hamilton Circuit Court. The issues were formed by appellee's amended complaint in one paragraph and appellant's

answer under Rule 1-3 of the Rules of the Supreme Court of Indiana.

Trial was had by jury, which returned a general verdict for the plaintiff-appellee in the sum of eight thousand ($8,000) dollars and judgment was entered accordingly. Defendant-appellant then filed a motion for a new trial, which was overruled by the court.

Appellant's motion for a new trial contained fifteen (15) specifications of error. Specifications 8 through 15 were waived by appellant's failure to urge them in the argument portion of his brief. This leaves for our consideration only specifications 1 through 7 inclusive, which read as follows:

"1. The verdict of the jury is not sustained by sufficient evidence, and is contrary to law.

"2. The damages assessed by the jury are excessive.

"The only evidence of pecuniary damage to the plaintiff was with respect to the funeral expenses, same being in the neighborhood of $2,000.00, which hardly supports an $8,000.00 verdict. The only other evidence as to matters pecuniary was that the boys earned money working, that they were permitted to keep it, and that they were given allowances. There was, of course, evidence to the effect that it cost several hundred dollars per year to maintain them.

"3. The Court erred in allowing the plaintiff, after the conclusion of all the evidence, to amend his complaint by deleting from rhetorical paragraph 6 (c) the following words:

'. . . the speed of said automobile immediately prior to the accident being in excess of 100 M.P.H. . . .'.

The Court authorized this amendment over the timely objection of the defendant that the amendment would change the issues upon which the case was submitted and tried, and that the authorization of the amendment would deprive the defendant of his right to file pleadings attacking the complaint, as amended, and would deprive the defendant of the right to require the plaintiff to state in his complaint the approximate speed at which the defendant

was charged with operating his automobile. Furthermore, it is submitted that the complaint, as amended at this time, was made demurrable, and the act of the Court in permitting the amendment foreclosed the defendant from his opportunity to demur thereto.

"4. The Court erred in admitting into evidence, over the timely objection of the defendant, testimony of Max Manship with respect to the speed at which defendant was operating his automobile when momentarily observed by the witness.

"Said witness testified in substance that he saw the car of the defendant pass him at a point approximately one-half mile from the scene of the accident and that, at the time the car passed him, it was going between sixty and eighty miles per hour. The defendant objected to the testimony of this witness for the reasons that he was not properly qualified, and that there was not sufficient foundation laid upon which this witness could properly be qualified to give an opinion with respect to the speed of defendant's automobile. After all, at the time referred to by this witness, he was only twelve or thirteen years old, there was no evidence that he had ever driven an automobile, and the supposed basis for his qualification as an 'expert' on speed was that he had watched drag races on television and on State Road 132.

"5. The Court erred in overruling defendant's motion for a directed verdict at the conclusion of plaintiff's evidence.

"6. The Court erred in overruling defendant's motion for a directed verdict at the conclusion of all the evidence in the case.

"7. The Court erred in refusing to give defendant's instruction No. 9, which instruction was duly tendered and requested by the defendant."

Under specification No. 7 above, appellant contends that the trial court erred in refusing to give defendant-appellant's instruction No. 9, which pertained to the amount of damages. Appellant does not argue this point in the argument portion of his brief and it is thereby waived. Instead, appellant urges error in the overruling of his objection to the submission of the court's instruction No. 13, which

pertained to the measure of damages. The trial court's action in overruling instruction No. 13, is not an element of error for this court's consideration as it was not specified in the appellant's motion for a new trial.

Specification Nos. 5 and 6 above, proclaim error by the trial court in overruling defendant-appellant's motions for a directed verdict at the conclusion of the plaintiff's evidence and at the conclusion of all the evidence.

The trial court may only give a peremptory instruction to find for the defendant when there is a total lack of evidence or reasonable inferences to be drawn therefrom, which are in favor of the plaintiff; or where there is no conflict in the evidence and the evidence leads to but one inference and that is in favor of the defendant. *Whitaker, Administrator of the Estate of Salyer, Deceased v. Borntrager* (1954), 233 Ind. 678, 122 N. E. 2d 734; *Wade v. Three Sisters, Inc.* (1962), 134 Ind. App. 58, 186 N. E. 2d 22.

In order for a trial court to sustain a defendant's motion for a directed verdict at the conclusion of the plaintiff's evidence, or at the conclusion of all the evidence, it must consider the proposal within the following guidelines set forth by our Supreme Court in *Whitaker v. Borntrager, supra,* at pages 680 and 681:

> "When there is a total absence of evidence or legitimate inference in favor of the plaintiff upon an essential issue; or where the evidence is without conflict and is susceptible of but one inference and that inference is in favor of the defendant. * * *

> "When there is some evidence or legitimate inference supporting each material allegation of the complaint, the court will not weigh the conflicting evidence or inferences that are most favorable to the party against whom the motion for a peremptory verdict is directed. * * *

> "In determining whether a peremptory instruction should be given the court must accept as true all facts which

the evidence tends to prove and draw, against the party requesting such instruction, all inferences which the jury might reasonably draw."

We here conclude that the trial court, paying due credence to the foregoing principles limiting its discretion, properly overruled both of the defendant-appellant's motions for a peremptory instruction to direct the verdict.

We now consider Specification Nos. 1, 2, 3 and 4 of the appellant's motion for a new trial. These specifications shall be discussed in numerical order.

Attention is directed to the fact that where the statute reads in the disjunctive, the appellant has chosen to state this as one assignment in the conjunctive. In *Clemans Truck Lines, Inc. v. Vaughn* (1966), 139 Ind. App. 404, 220 N. E. 2d 351 (no transfer filed), this court, at page 356, said:

"Before discussing this portion of appellants' argument, it should be noted that under Burns' Ann. Stat. § 2-2401 (1946 Replacement), the grounds for a new trial that the verdict is not sustained by sufficient evidence or is contrary to law are separate grounds. Thus, if joined together, both must be demonstrated before a reversal can be had on these grounds. See: Coats v. Veedersburg State Bank (1942) 219 Ind. 675, 679, 38 N. E. 2d 243. Thus, if one of the two is not demonstrated as grounds for a new trial, there is no ground for reversal."

In examining the arguments of the appellant, we are not persuaded that there is such a lack of evidence that it precludes the jury from drawing certain inferences to establish wilful or wanton misconduct on the part of the appellant. Applying the above rule to the assignment in this case, we conclude that the appellant has not demonstrated both of these grounds sufficiently to support a reversal.

To support the assignment that the trial should be reversed for excessive damages, it must appear at first blush that the

award was so excessive or outrageous, or that it is of such an amount as to lead to the conclusion, that the jury must have been moved by prejudice, passion, partiality or corruption. There is nothing in the record to convince us of the existence of any of these circumstances. The evidence was conflicting on the matter of prospective earnings of the appellee's sons who died as a result of the accident. The amount of the funeral burial and the other fixed expenses were all supported by proof. The jury was fully and fairly instructed on the method of assessing damages under the evidence in the case. We do not feel that the record or the argument of the appellant in support of Specification No. 2 is persuasive that the amount of damages assessed was excessive.

*Indianapolis Transit, Inc. v. Moorman* (1963), 134 Ind. App. 572, 189 N. E. 2d 111 and *Bassemier v. Sartore* (1964) 137 Ind. App. 139, 201 N. E. 2d 285 (transfer denied) and *Sheets v. Garringer, by Next Friend, etc.* (1963), 135 Ind. App. 488, 194 N. E. 2d 757.

Specification No. 3 is based upon the action of the trial court in allowing the plaintiff, at the conclusion of all the evidence, to amend his complaint. The amendment allowed was in conformity with the evidence as shown by record. The argument on this specification, in our opinion, consists mainly of conclusions of the appellant's counsel and purports to show what might have been the result had the language of the complaint been different at the start of the trial. While counsel's argument is well phrased, we are not convinced that it prejudiced the trial of the appellant's case. We, therefore, conclude that if this constituted error at all, it was harmless.

Specification No. 4, which appellant urges us to consider, is the action of the court in admitting into evidence, over the objection of the defendant-appellant, the testimony of Max Manship. The witness in question was eleven (11) years of age at the time of the accident and was fourteen (14) years

of age at the time of trial when he was called upon to testify. The trial court is charged with the responsibility of passing upon the competency of a witness to testify. The record does not disclose to our satisfaction, that the competency of Max Manship was sufficiently questioned as to cause us to say that the trial court committed error in allowing him to testify. The jury acts as the sole judge of the credibility of the witness and the weight to be given his testimony. The jury observed this young boy on the stand; had an opportunity to hear his testimony and observe his demeanor; counsel had an opportunity to cross-examine the witness; had an opportunity to argue to the jury the weight and credibility to be given the testimony of such a witness. All of this having occurred in the trial court and in the presence of the jury, we are not going to substitute our judgment for that of the trier of the fact.

From an examination of the entire record and a careful study of the briefs of the appellant and appellee in this case, we conclude that the case was fully and fairly tried and that the jury arrived at a just verdict and that the same should be affirmed.

Judgment affirmed.

Cooper, Faulconer, and Prime, JJ., concur.

NOTE.—Reported in 238 N. E. 2d 690.