**SELLERSBURG VOLUNTEER FIRE DEPARTMENT, INC.,**
**Defendant-Appellant,**

v.

**Roger EDWARDS, Plaintiff-Appellee.**

**No. 1–883A253.**

Court of Appeals of Indiana,
First District.

May 21, 1984.

Rehearing Denied July 6, 1984.

Richard L. Mattox, Janet K. Martin, Orbison O'Connor MacGregor & Mattox, New Albany, for defendant-appellant.

Eugene F. Lind, Young, Lind & Endres, Donald R. Forrest, New Albany, for plaintiff-appellee.

RATLIFF, Judge.

### STATEMENT OF THE CASE

Appellant Sellersburg Volunteer Fire Department, Incorporated (Department) appeals from a verdict and judgment thereon in the Clark Superior Court in an action for personal injuries suffered by a fireman when the firetruck on which he was riding was involved in a one-vehicle accident. We affirm.

### FACTS

The facts most favorable to the verdict indicate that on October 8, 1980, the Department received a mutual aid request from a neighboring city for manpower to relieve its firefighters who were battling a brush fire. Volunteer fireman Roger Edwards responded to the Department's call. At the station the men were ultimately placed aboard a modified 1951 Dodge three-quarter ($3/4$) ton truck. The truck had recently been overhauled and had not yet

been re-equipped with its siren and rotating red lights. Edwards was one of four volunteers who occupied squad benches in the open rear portion of the truck. The cab was occupied by Steve and Shirl Tackett, as the driver and ranking officer on the run, respectively. The driver was instructed to proceed at speed limits and with caution because the run was for the purpose of relieving other firefighters. The truck proceeded north at fifty-five miles per hour on a two-lane expanse of Highway 3. Topping a rise just south of the intersection with Harry Hughes Road, the Tacketts observed a truck at the base of the hill in the northbound lane of Highway 3, awaiting the passing of a southbound automobile in order to turn west onto Harry Hughes Road. Steve Tackett attempted to brake the truck. Unable to do so, and at Shirl Tackett's suggestion, Steve went around the stopped truck on the right berm in order to avoid a collision. In attempting to recover the road, the wheel was wrenched from Steve's hands and the truck flipped over spilling the firemen in the rear onto the pavement. Edwards suffered severe personal injuries as a result of the accident. He subsequently brought suit alleging that the truck was not properly equipped with emergency lights as required by statute and that the negligence of the Department and its driver resulted in Edwards' injuries. The jury returned a verdict in the sum of $125,000.00. The court entered judgment thereon. The Department now appeals from that verdict and judgment.

1. Appellant relies heavily upon *City of South Bend v. Estate of Rozwarski,* (1980) Ind.App., 404 N.E.2d 19. In that case, the administratrix of the estate brought an action against the city of South Bend alleging that the city was negligent in failing to provide the decedent with a safe place to work, in that the firetruck from which the decedent was thrown was not equipped with proper safety equipment, including emergency lighting, and that the drivers were not properly trained. This court, per Garrard, J., concluded that the fireman had incurred the risk of his injuries. That decision was based, in part, upon the fact that Rozwarski himself had driven the firetrucks and knew, therefore, of the extensiveness or lack thereof,

## ISSUES

The Department raises five issues on appeal. Rephrased, they are as follows:

1. Is Edwards' recovery barred, as a matter of law, by the doctrine of incurred risk?

2. Is the Indiana Guest Statute applicable to firemen in the performance of their duties?

3. Did the trial court err in submitting contradictory instructions to the jury?

4. Did the trial court err in submitting an instruction on the statutory requirement of emergency lighting?

5. Did the trial court lack jurisdiction to enter judgment for the amount awarded by the jury?

## DISCUSSION AND DECISION

*Issue One*

█ Edwards' recovery is not barred, as a matter of law, by the doctrine of incurred risk.

The Department contends that the trial court erred in denying its motion for judgment on the evidence and in entering a judgment on the verdict because Edwards incurred the risk of his injuries as a matter of law. Appellant argues that a man of reasonable caution could have discerned that no emergency lighting existed on the truck, and concludes therefrom that by boarding the vehicle Edwards incurred the risk of his injuries.[1] We cannot agree. As this court recently noted:

of the drivers' training. Insofar as the decision can be supported upon the basis of Rozwarski's actual knowledge of the inadequacy of the drivers' training, we are in agreement with the decision. However, to the extent that the decision could be read to hold that Rozwarski incurred the risk of his injuries because he could have discovered the defects in the emergency lighting with the exercise of reasonable caution, we must expressly reject such an interpretation of the case. The voluntary incurrence of a known risk must be based upon a subjective state of actual knowledge, not upon what could have been discovered with the exercise of reasonable care.

"Incurred risk is a defense to a claim of negligence, separate and distinct from the defense of contributory negligence. It involves a mental state of venturousness on the part of the actor, and demands a subjective analysis into the actor's actual knowledge and voluntary acceptance of the risk. 'By definition ... the very essence of incurred risk is the conscious, deliberate and intentional embarkation upon a course of conduct with knowledge of the circumstances....' 'It requires much more than the general awareness of a potential for mishap. Incurred risk contemplates acceptance of a specific risk of which the plaintiff has *actual* knowledge.' While the failure to recognize a danger or risk readily discernable to the reasonable and prudent man under like or similar circumstances may constitute contributory negligence, it cannot be said to constitute incurred risk because 'it should *never* be considered a voluntary incurrence of a *known* risk.' [Citations and footnotes omitted; emphasis in the original.]"

*Power v. Brodie*, (1984) Ind.App., 460 N.E.2d 1241, 1242–43. The doctrine of incurred risk is not concerned with an objective standard of reasonableness, but rather, looks only to the subjective knowledge of the actor. *Power* is, therefore, dispositive of Department's contention on appeal. Accordingly, we cannot say that the trial court erred in refusing to grant Department's motion for judgment on the evidence and in entering judgment on the verdict.

*Issue Two*

■ The Indiana Guest Statute does not apply to firemen in the performance of their duties.

Indiana Code section 9–3–3–1 (1982), commonly referred to as the guest statute, provides:

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or willful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle."

The Department argues that because Edwards was not paid as a volunteer fireman, his presence upon the truck was for purely social purposes. Appellant further alleges that, because an injured passenger has the burden of removing himself from the purview of the guest statute, *Knuckles v. Elliott*, (1967) 141 Ind.App. 232, 236, 227 N.E.2d 179, 181, *trans. denied*, and because Edwards allegedly failed to present evidence that he was not a guest within the meaning of the statute and failed to demonstrate either willful or wanton conduct on the part of the Department, the trial court erred in refusing to grant Department's motion for judgment on the evidence. While we deem appellant's argument to be novel, we nonetheless conclude that the argument is without merit.

Our supreme court has previously set out the criteria by which a passenger's status is to be determined. These criteria include:

"(1) The motives and purposes which actuate the transaction are of prime importance.

(2) The motivating reasons for the invitation to ride determine the character of the passenger, and the purpose of the trip.

(3) If the purpose of the trip is primarily for business as distinguished from pleasure or social, and the presence of the passenger in the motor vehicle directly compensates the owner or operator thereof in a substantial and material way, then the guest relationship does not exist.

(4) If the trip is primarily social or for pleasure as distinguished from business, incidental benefits, even the payment of money, do not exclude the guest relationship.

(5) The word 'guest' has more 'social' than 'business' significance. [Citations omitted.]"

*Allison v. Ely*, (1960) 241 Ind. 248, 262–63, 170 N.E.2d 371, 378–79. The court in *Allison* also noted that compensation "does not mean that such payment must necessarily have been made in money. It is sufficient if his (Ely's) presence directly compensated appellant 'in a substantial and material or business sense as distinguished from mere social benefit or nominal or incidental contribution to expenses' of the trip." *Allison*, 241 Ind. at 254, 170 N.E.2d at 374.

It is patently obvious that appellant is engaged in the business of fighting fires. In order to fight such fires, the Department retains the services of men like Edwards. These men must, of necessity, be brought to the fire site in order to perform their duties. The Department, in the furtherance of its business interests, utilizes firetrucks in order to facilitate and expedite the transportation of its personnel.[2] As such, the Department benefits in a "substantial and material way" from the presence of firefighters upon its trucks. Because Edwards' presence upon the truck directly compensated the Department in a substantial and material business sense, we cannot say that Edwards fell within the purview of our guest statute. Accordingly, we hold, as a matter of law, that Edwards, as an employee of appellant, engaged in appellant's business on appellant's vehicle at appellant's behest, is not a guest within the meaning of our statute. We also conclude, therefore, that there was no error in the trial court's failure to give appellant's tendered instructions on the applicability of the guest statute.[3]

2. In support of our conclusion herein, we note with approval of language of 60A C.J.S. *Motor Vehicles* § 399.11 (1969) which states, in part: "*an employee riding in the car of his employer will not be considered a guest where the transportation* is within the terms of his employment or part of the agreed consideration for the work, or is directed by the employer during hours of work, or is *furnished to facilitate or speed a task the employee is to perform* . . . . [Emphasis supplied; footnotes omitted.]"
See also 74 Am.Jur.2d *Automobiles and Highway Traffic* § 541 (1980), to the effect that if the "transportation contributes such tangible and substantial benefits as to promote the mutual interests of both the passenger and the owner or operator, or is primarily for the attainment of

*Issue Three*

The Department failed to preserve any error as to the contradictory nature of the incurred risk instructions given by the court.

It is well settled that a party claiming error in the giving of an instruction is limited on appeal to his stated objection at trial. *Plan-Tec*, 443 N.E.2d at 1225. In the instant case, Department argues on appeal that the court erred in giving certain instructions which it deems to be contradictory. However, such contention was not raised at trial. It is, accordingly, waived.

*Issue Four*

The trial court did not err in giving an instruction on the statutory requirement of emergency lighting.

The trial court gave an instruction on the statutory requirement of emergency lighting for such vehicles as firetrucks. The Department objected "for the reason that the intent of this instruction should apply to third parties and to occupants of a vehicle involved." Record at 304. Department's objection does not comport with the requirements of Indiana Rules of Procedure, Trial Rule 51(C) which states, in part, that any objections to the giving of an instruction shall be made "stating distinctly the matter [objected to] and the grounds of [the] objection." This the Department failed to do. Accordingly, the objection preserved no error for review.[4]

some tangible and substantial objective or business purpose of the owner or operator, [the passenger] is not a guest."

3. It is well settled that the trial court does not err in refusing an instruction which is unsupported by the evidence. *See Plan-Tec, Inc. v. Wiggins*, (1983) Ind.App., 443 N.E.2d 1212, 1227.

4. Appellant argues in its brief that firemen do not fall within the class of persons the emergency lighting statute seeks to protect. While *Rosenbalm v. Winski*, (1975) 165 Ind.App. 378, 332 N.E.2d 249, *trans. denied* (1976), does indicate that the statute is meant to protect others using the public highways, we do not read such interpretation of the statute as necessarily excluding

*Issue Five*

The trial court did not lack jurisdiction to enter a judgment for the amount awarded by the jury.

 Department correctly notes that each unit of local government that maintains a volunteer fire department must procure insurance for each member of the department. Ind.Code § 36–8–12–6(a) (1982). Subsection (d) goes on to provide:

> "If a unit [of local government] fails to provide the insurance for a volunteer firefighter that this chapter requires it to provide, and a volunteer firefighter suffers a loss of the type that the insurance would have covered, then the unit shall pay to that volunteer firefighter the same amount of money that the insurance would have paid to him."

Ind.Code § 36–8–12–6(d). Appellant argues that the language of subsection (d) acts to limit the potential recovery of the fireman, much as the exclusive remedy provisions of our workmen's compensation statutes. We cannot agree. Nowhere does the statute even hint that it is an exclusive remedy or that the fireman is precluded thereby from seeking recovery in excess of what he might have recovered had insurance been provided. Appellant merely seeks to impose its own self-serving interpretation upon a statute which will not support it. Accordingly, we cannot say that the jurisdiction of the trial court was limited by the provisions of Indiana Code section 36–8–12–6.

Finding no reversible error, we affirm the decision of the trial court *in toto*.

Affirmed.

NEAL, P.J., and ROBERTSON, J., concur.

occupants of emergency vehicles from the class of persons sought to be protected.