John and Norma DETTMAN,
Plaintiffs-Appellants,

v.

LaVergne C. SUMNER,
Defendant-Appellee.

No. 4–1083 A 361.

Court of Appeals of Indiana,
Fourth District.

Feb. 11, 1985.

Frederick J. Ball, Goldsmith, Goodman, Ball & Van Bokkelen, P.C., Highland, for plaintiffs-appellants.

Jay A. Charon, Theresa L. Springmann, Robin D. Pierce, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for defendant-appellee.

CONOVER, Judge.

Plaintiffs-Appellants John and Norma (Norma) Dettman appeal the judgment of the LaPorte Circuit Court entered pursuant to a jury verdict for defendant-appellee LaVergne C. Sumner (Sumner).

Affirmed.

ISSUES

This appeal presents the following issues:

1. Whether the Dettmans' motion for judgment on the evidence at the close of all the evidence should have been granted so as to withdraw the issue of contributory negligence from the jury's consideration.

2. Whether the court erred in giving, omitting and modifying certain instructions.

3. Whether the court erred in refusing to admit medical bills because no doctor testified they were necessarily incurred for Norma's care and treatment.

4. Whether the trial court erred by striking all of Norma's testimony concerning impairment of her left leg.

FACTS

In October, 1979, Norma was driving her car northbound on Southeastern Avenue approaching its intersection with 173rd Street in Hammond, Indiana, as Sumner approached it on 173rd from the west. The intersection was controlled by a stop and go traffic signal. Norma saw Sumner's auto some distance from the intersection but thought a teenager was driving it and would stop abruptly. The two cars collided in the intersection. Both drivers testified they had the green light upon entering the intersection, but an eyewitness stopped in the southbound left turn lane on the north side of the intersection testified Norma had the green light, and Mrs. Sumner the red, as each entered the intersection. Further, Mrs. Sumner entered a plea of guilty to a traffic ticket issued her by the investigating officer for running a red light, even though she believed at the time of trial she had the green when entering the intersection.

DISCUSSION AND DECISION [1]

The Dettmans claim the trial court erred when it overruled their Ind.Rules of Procedure, Trial Rule 50(A) motion for judgment on the evidence filed at the close of all the evidence. Their motion asked the court to withdraw the issue of contributory negligence from the jury's consideration because the evidence presented by Sumner thereon was insufficient.[2]

---

1. In the first instance, the Dettmans appeal to "The Indiana Appellate Court." Our name was changed by constitutional amendment 14 years ago. We are now called "The Court of Appeals of Indiana," cf. Ind. Constitution, Art. 7, § 1. Further, their brief does not comply with the rules governing appeals. The Dettmans merely have summarized the testimony of each witness as their statement of the facts. This is insufficient. A narrative and fair statement of the facts, devoid of argument, is to be presented in an appellant's brief rather than the summarization of each witness's testimony. *Burnett v. Heckelman,* (1983) Ind.App., 456 N.E.2d 1094; *Elsperman v. Plump,* (1983) Ind.App., 443 N.E.2d 1206; Ind.Rules of Procedure, Appellate Rule 8.3(A)(5). However, we often overlook inadequate briefing in order to decide cases on their merits. *Grimm v. Borkholder Co.,* (1983) Ind.App., 454 N.E.2d 84.

2. T.R. 50(A) reads in part

(A) Judgment on the evidence—How raised —Effect. Where . . . some of the issues in a case tried before a jury . . . are not supported by sufficient evidence . . ., the court shall withdraw such issues from the jury and enter judgment thereon. . . . A party may move for such judgment on the evidence:

(1) after another party carrying the burden of proof or of going forward with the evidence upon any one or more issues has completed presentation of his evidence thereon; or

(2) after all the parties have completed presentation of the evidence upon any one or more issues; or

(3) after all the evidence in the case has been presented and before judgment; . . .

### I. *T.R. 50(A) Standard of Review*

 Sumner raised the issue of contributory negligence in her pre-trial order and, thus, had the burden of proving that issue at trial.[3] The trial court overruled the Dettmans' motion for judgment and permitted the contributory negligence issue to go to the jury.

 On appeal from a negative judgment where the issue of contributory negligence is raised, we review not only as to whether the verdict was contrary to law, but also as to whether there was sufficient evidence to sustain the verdict as to the contributory negligence issue. *Brock v. Walton,* (1983) Ind.App., 456 N.E.2d 1087, 1091. When reviewing a trial court's action on a T.R. 50(A) motion for judgment, we must consider only the evidence and reasonable inferences most favorable to the non-moving party. *Jones v. Gleim,* (1984) Ind., 468 N.E.2d 205, 206–07.

### II. *Sufficiency of the Evidence*

The standards by which a trial court determines whether T.R. 50(A) motions for judgment should be granted have been in a process of evolution since 1967. That year our supreme court said

It is only where there is a *total absence of evidence* or legitimate inferences in favor of plaintiff upon the issues, or where the evidence is without conflict and is susceptible of but one inference and that inference in favor of the defendant, that the court may give a peremptory instruction ... (Emphasis supplied.)

*Hendrix v. Harbelis,* (1967) 248 Ind. 619, 623, 230 N.E.2d 315, 318, quoted in *Mamula v. Ford Motor Co.,* (1971) 150 Ind.App. 179, 181, 275 N.E.2d 849, 851. The *Hendrix* statement was later modified in 1977 when our supreme court said

If there is relevant evidence which supports the verdict, then the motion may not properly be granted because evidence which supports the verdict is sufficient evidence, and the final determination is left to the fact finder. *This is not the scintilla rule. A scintilla is by definition barely perceptible and would not support a reasonable inference.* Judicial economy is served by this view in that the trial court withdraws the case from the jury or enters a judgment notwithstanding the verdict whenever an appellate court would be compelled to find the evidence does not support a judgment. ... (Citations omitted and emphasis supplied.)

*Huff v. Traveler's Indemnity Co.,* (1977) 266 Ind. 414, 416, 363 N.E.2d 985, 990. The next year the supreme court seemed to re-affirm the *Hendrix* rule, it saying

... [A] court should withdraw the issues from the jury and enter judgment on the evidence in favor of the defendants when, at the close of the plaintiff's evidence, there is *a total absence of evidence* or reasonable inferences on at least one essential element of the plaintiff's case. Such a judgment is proper when the evidence is without conflict and is susceptible to but one inference and that inference is in favor of the defendants. (Citations omitted.)

Furthermore, plaintiff's burden requires that she present evidence of probative value based on facts, or inferences to be drawn from facts. *Her burden may not be carried with evidence based merely upon supposition or speculation.* (Emphasis supplied.)

*Palace Bar, Inc. v. Fearnot,* (1978) 269 Ind. 405, 407, 381 N.E.2d 858, 861. A spate of court of appeals cases seeking to apply those standards to various fact situations

---

**3.** T.R. 9.1(A) reads in part

(A) Defense of contributory negligence or assumed risk. In all claims alleging negligence the burden of pleading and proving contributory negligence, ... shall be upon the defendant who may plead such by denial of the allegation.

Parenthetically, we note the defendant need not affirmatively raise the issue of plaintiff's contributory negligence in the pre-trial order to present evidence thereof at trial because the issues of contributory negligence and incurred risk are inherently included in the larger issues of negligence and proximate cause. *Whisman v. Fawcett,* (1984) Ind., 470 N.E.2d 73, 76.

have caused some confusion in this area. *McKeown v. Calusa*, (1977) 172 Ind.App. 1, 359 N.E.2d 550. However, our supreme court's recent case of *American Optical Co. v. Weidenhamer*, (1983) Ind., 457 N.E.2d 181, cited by the Dettmans in support of their position, seemed to clear up the confusion.[4] The *American* rule announced a two-step process to be followed by trial courts when determining what action should be taken on T.R. 50(A) motions for judgment, namely, a quantitative followed by a qualitative analysis, if necessary, of the direct and circumstantial evidence then available. Although *American's* discussion was triggered by the defendants' T.R. 50(A) motions for judgment filed at the close of the plaintiff's case, we believe the rule there announced applies with equal force when T.R. 50(A) motions are filed by *any* party, plaintiff or defendant.

▪ We discern the *American* rule to be where an opposing party during trial[5] files a T.R. 50(A) motion for judgment at the conclusion of the evidence of any party having the burden of proof on an issue,[6] the trial court is to determine whether or not it can be said, with reason, the evidence proffered by the burdened party is sufficient to support that party's contentions. Such determination is to be made by a two-step analysis of all the direct and circumstantial evidence then available. First, it must determine whether

(a) *quantitatively*, reasonable evidence supporting the burdened party's allegations is absent, that is, none at all exists. If so, the motion is to be granted. If such

evidence is present, however, the court must then determine whether

(b) *qualitatively*, a reasonable inference the burdened party's allegations are true[7] logically may be drawn from such evidence.

*Qualitative failure* in this sense, occurs if the trial court reasonably can say, either

(1) the witness(es) presenting such evidence is (are) not credible, or

(2) the inference the burdened party's allegations are true may not be drawn without undue speculation. *American*, 457 N.E.2d at 183–84.

Under our standard of review in T.R. 50(A) motion for judgment cases, we consider only the evidence and reasonable inferences most favorable to the non-moving party. *Jones*, 468 N.E.2d at 206; *American*, 457 N.E.2d at 184–85. The question is whether for T.R. 50(A) purposes there was *American/Huff*-required reasonable evidence or inferences supporting Sumner's claim Norma was contributorily negligent.

We apply the *American* two-step analysis in this case as follows:

▪ First, there was quantitative evidence supporting Sumner's contention because she testified she had the green light. Even though Norma's testimony she had the green light created an evidentiary conflict, Sumner's testimony fulfills the quantitative requirement.[8] Thus, the trial court was required to go to step two, and make the *American/Huff*-required qualitative analysis.

▪ The qualitative analysis itself requires a two-step analysis. In the first instance the question is whether the wit-

---

4. See Professor Harvey's in depth analysis of cases on the subject appearing at 3 HARVEY, INDIANA PRACTICE, T.R. 50 *Judgment on the Evidence*, West 1984 pocket part, ¶ 50.5, pp. 65–71.

 A September, 1984, case, however, again supports the *Hendrix/Palace Bar* rule. It says
 Judgment on the evidence in favor of the defendant is proper when there is *an absence of evidence* or reasonable inferences in favor of the plaintiff upon an issue in question. The evidence must support without conflict only one inference which is in favor of defendant.

*Jones, supra,* 468 N.E.2d at 207.

5. Plaintiffs-Appellants Dettmans in this case.

6. Defendant-Appellee Sumner as to the issue of contributory negligence, *cf.* Ind.Rules of Procedure, Trial Rule 9.1(A).

7. Here, that Norma was contributorily negligent.

8. Because some evidence was present, the process would end here under the *Hendrix/Palace Bar* requirements, and the motion overruled.

ness presenting such evidence [9] was credible?

 At first blush, *American's* requirement that trial court judges weigh the credibility of witnesses as part of its T.R. 50(A) qualitative analysis seems to overrule longstanding precedent that weighing the evidence and credibility of witnesses is within the province of the jury. *Health and Hospital Corp. of Marion County v. Gaither*, (1979) 272 Ind. 251, 397 N.E.2d 589; *Johnson v. Banker*, (1923) 193 Ind. 16, 138 N.E. 505; *Southern Rwy. Co. v. Limback*, (1908) 172 Ind. 89, 85 N.E. 354; *Eppert v. Hall*, (1892) 133 Ind. 417, 31 N.E. 74, *reh. denied* 133 Ind. 417, 32 N.E. 713; *VanVacter v. McKillip*, (1845) 7 Blackf. 578; *Decamp v. Stevens*, (1835) 4 Blackf. 24; *Ferdinand Furniture Co., Inc. v. Anderson*, (1980) Ind.App., 399 N.E.2d 799; *Keck v. Kerbs*, (1979) 182 Ind.App. 530, 395 N.E.2d 845; *State Highway Commission v. Jones*, (1977) 173 Ind.App. 243, 363 N.E.2d 1018; *Dudley Sports Co. v. Schmitt*, (1972) 151 Ind.App. 217, 279 N.E.2d 266; *Barbee v. McKay*, (1968) 143 Ind.App. 205, 238 N.E.2d 690; *Deming Hotel Co. v. Prox*, (1968) 142 Ind.App. 603, 236 N.E.2d 613. Because Art. 1, § 20 of the Indiana Constitution guarantees that "[i]n all civil cases, the right to trial by jury shall remain inviolate," the complaining party has a constitutional right to have a jury determine the credibility of witnesses and the weight to be given the evidence, except where the claim is not sustained by "the clear weight of the evidence." *Novak v. Chicago, etc. Transit Co.*, (1956) 235 Ind. 489, 135 N.E.2d 1, 5. We believe under *American* trial judges are to determine the credibility of witnesses as part of their qualitative failure analysis *only* in cases where the witnesses' testimony supporting the burdened party's claim stands uncontroverted in the evidence at the time the T.R. 50(A) motion for judgment is filed. Then, if the judge determines such witnesses are incredible, the motion is to be sustained and judgment entered accordingly. Where, however, such witnesses' testimony is, as here, controverted by the testimony of other witnesses, the trial court may *not* determine credibility, but must proceed to the second step in the qualitative failure analysis, namely, whether the inference the burdened party's allegations are true may be drawn without undue speculation. *American*, 457 N.E.2d at 183–184.

Here, Sumner's testimony she had the green light was in direct conflict with Norma's testimony to the contrary. Thus, the trial court could not determine whether Sumner was a credible witness. It was required to proceed directly to step two of its qualitative failure analysis.

 Even when the evidence at that stage is viewed in the light most favorable to the Dettmans, it is qualitatively sufficient as to the contributory negligence issue. Sumner's explanation of the reason why she entered her guilty plea, the anomalies developed during Norma's cross-examination, the investigating officer's admission he would not have issued the traffic ticket given the additional facts, and the physical layout of the scene as developed by the evidence, coupled with Sumner's testimony, *prima facie* gives rise to a reasonable inference supporting Sumner's contention Norma was contributorily negligent, even though the point was hotly disputed by the Dettmans. It was a fact question and was properly submitted to the jury for resolution.

The trial court did not err by overruling the Dettmans' T.R. 50(A) motion for judgment and submitting the contributory negligence issue to the jury.

## II. *Instructions*

### A.

Next the Dettmans argue the court erred by not giving their tendered instructions no.'s 3 and 5. Both instructions in composite provided the preferred driver at an intersection controlled by an automatic traffic signal need not proceed "overcautiously" into the intersection nor be cognizant or "constantly aware" of "everything in plain view."

---

9. Here, Sumner who testified she had the green light.

The essence of each instruction, however, was covered by Court's Instruction No. 31. It read

> I instruct you that the law does not require a person lawfully operating a motor vehicle on a preferred street to turn her head and look to the right and to the left before entering and traversing any non-preferred street intersecting the preferred street. The only requirement imposed on a preferred driver was that she used due care at the time and place in question and act as a reasonable and prudent person would act under the same or like circumstances. She had a right to assume while so driving that any person about to enter or traverse the preferred street would obey the law.

The source of this instruction was *Anderson v. Pre-Fab Transit Co., Inc.*, (1980) Ind.App., 409 N.E.2d 1157.

 It is not error to reject a tendered instruction if its substance is covered by other instructions actually given. *Thorton v. Pender*, (1978) 268 Ind. 540, 377 N.E.2d 613; *Dahlberg v. Ogle*, (1978) 268 Ind. 30, 373 N.E.2d 159; *Consolidated Rail Corp. v. Thomas*, (1984) Ind.App. 463 N.E.2d 315.

### B.

Next the Dettmans argue the court erred in giving Defendant's Tendered Instruction No. 2. It stated the driver of a vehicle having the right of way at an intersection still has a duty to exercise reasonable care to avoid a collision, that is, a preferred driver at an intersection who has notice and opportunity to avoid a collision who fails to do so is guilty of negligence. They contend there was no evidence Norma had notice of any impending danger, thus, the giving of that instruction was erroneous.

 Suffice it to say there was reasonable evidence in the record from which the jury could infer Norma was contributorily negligent, as discussed above. The court did not err by giving this instruction.

### C.

At trial, the Dettmans argued Defendant's Tendered Instruction No. 7, being the trial court's Final Instruction No. 9, was erroneously given because (a) there was no evidentiary factual support for it, (b) it was a "mere accident" instruction, (c) it was confusing, and (d) it was adequately covered by other instructions.

In their brief, however, the Dettmans argue (a) the "fair preponderance of the evidence" standard set forth in this instruction is not the standard in Indiana, and (b) the instruction permitted the jury to speculate on the issue of contributory negligence.

 Ind.Rules of Procedure, Trial Rule 51(C) provides in part:

> At the close of the evidence and before argument each party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, .... *No party may claim as error the giving of an instruction unless he objects thereto ..., stating distinctly the matter to which he objects and the grounds of his objection.* .... (Emphasis supplied.)

The Dettmans here argue objections to this instruction not presented to the trial court. A party claiming error in the giving of an instruction is limited to his stated objection at trial. *Sellersburg Vol. Fire Dept., Inc. v. Edwards*, (1984) Ind.App., 463 N.E.2d 508. Failure to argue the objections raised in the trial court waives such issues on appeal. *Babson Bros. Co. v. Tipstar Corp.*, (1983) Ind.App., 446 N.E.2d 11; *Plan-Tec, Inc. v. Wiggins*, (1983) Ind.App., 443 N.E.2d 1212.

### III.

 The Dettmans' last two issues deal with medical evidence they claim was improperly excluded by the trial court. However, the Dettmans made the following observation at page two of their initial brief:

> By way of introduction to the appeal, if one of the two initial issues on liability

does not result in reversal of the judgment, the Appellate Court (sic) will not reach the last two issues on damages. That is right. Any potential error regarding damages is rendered harmless by a judgment in favor of the defendant. *Frybarger v. Coffelt,* (1979) 180 Ind.App. 160, 387 N.E.2d 104, 105; *Anderson v. Baker,* (1975) 166 Ind.App. 324, 335 N.E.2d 831, 833.

Affirmed.

MILLER, P.J., and YOUNG, J., concur.