**William C. LAMBERT and Lambert Enterprises, Inc., Appellants (Defendants Below),**

v.

**YELLOWBIRD, INC., Appellee (Plaintiff Below).**

No. 4–885A220.

Court of Appeals of Indiana, Fourth District.

Oct. 7, 1986.

Raymond L. Faust, Baker, Orbison, Bales & Knowles, Carmel, for appellants.

Richard L. Gilliom, Michael K. Irwin, Donn H. Wray, Stewart, Irwin, Gilliom, Meyer & Guthrie, Indianapolis, for appellee.

## ON PETITION FOR REHEARING

YOUNG, Judge.

In our original opinion, 496 N.E.2d 406, we held that Lambert had waived his T.R. 50(A) claim and his sufficiency of evidence claim. We grant rehearing for the limited purpose of clarifying our holding on those issues.

■ We agree with Lambert that T.R. 50(A) includes both a decision not to send the case to the jury and a judgment notwithstanding the verdict. He alleges in his petition for rehearing that his "sufficiency" claim was at all times brought under T.R. 50(A). The fact is, however, Lambert never mentions T.R. 50(A) in the argument section of his initial appellate brief. The one case he cites in his "sufficiency" section deals not with T.R. 50(A) but with a general sufficiency challenge:

> In reviewing the sufficiency of evidence in a civil case, we will decide whether there is substantial evidence of probative value supporting the trial court's judgment. *We neither weigh the evidence nor judge the credibility of witnesses* but consider only the evidence most favorable to the judgment along with all reasonable inferences to be drawn therefrom. Only if there is a lack of evidence or evidence from which a reasonable inference can be drawn on an essential element of the plaintiff's claim will we reverse a trial court. (Emphasis added.)

*Martin v. Roberts* (1984), Ind., 464 N.E.2d 896, 904.

1. Lambert chastises Yellowbird for failing to address the quantitative-qualitative test in its appellee's brief. The purpose of the appellee's brief is to respond to the arguments made in the appellant's brief. Since Lambert did not mention the quantitative-qualitative test in his appellant's brief, he cannot expect clairvoyance on

Lambert's initial "sufficiency" argument requests us to weigh the evidence and disregard the testimony of Yellowbird's owner, Morris. In response, Yellowbird correctly noted that Lambert had invited us to impermissibly judge the credibility of witnesses.

It is not until his reply brief that Lambert introduces the two-tiered "quantitative-qualitative test" of T.R. 50(A). *Dettman v. Sumner* (1985), Ind.App., 474 N.E.2d 100.

> *Qualitative failure* ... occurs if the trial court reasonably can say, either
>
> (1) the witness(es) presenting such evidence is (are) not credible, or
>
> (2) the inference the burdened party's allegations are true may not be drawn without undue speculation.

*Dettman, supra* at 104 (*quoting American Optical Co. v. Weidenhamer* (1983), Ind., 457 N.E.2d 181, 183–184).[1]

■ As previously stated, under a general sufficiency claim, we view the evidence most favorable to the judgment and we do not judge credibility. *See Martin, supra.* Under T.R. 50(A) we examine the evidence most favorable to the nonmoving party and determine whether the trial judge correctly applied the quantitative-qualitative test. *See Dettman, supra.* Thus, the two claims, while seemingly similar, are distinct. Since Lambert did not argue or even mention the T.R. 50(A) claim in his initial appellate brief, it was waived. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7). Further, the general sufficiency claim made by Lambert in his initial brief was waived for failure to raise it in his motion to correct errors.[2] Ind.Rules of Procedure, Trial Rule 59(D).

■ Even if we were to glean, from all of Lambert's appeal documents, a general sufficiency of evidence claim, the sole

the part of Yellowbird in dealing with an unstated argument.

2. Lambert's motion to correct errors speaks in terms of T.R. 50(A) "conjecture or speculation" and cites cases dealing with T.R. 50(A) claims.

thrust of his argument on appeal was that the credibility of Mr. Morris was in question. (Appellant's Brief at 13–16 and Appellant's Reply Brief at 4.) Thus, Lambert basically asks us to judge the credibility of Morris and determine the evidence was insufficient on that basis. As noted, we cannot do this. Therefore, even absent waiver, Lambert's insufficiency claim fails. In all other respects the petition for rehearing is denied.

CONOVER, P.J., and MILLER, J., concur.